In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-2417

ROBERT WILSON,

*Plaintiff-Appellant*,

*v.*

JAMES O'BRIEN, *et al.*,

*Defendants-Appellees*.

Additional appellant:

TYLER NIMS

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07 C 3994—**Charles P. Kocoras**, *Judge*.

SUBMITTED AUGUST 5, 2010—DECIDED SEPTEMBER 3, 2010

Before EASTERBROOK, *Chief Judge*, and KANNE and HAMILTON, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. After a state court set aside his conviction for attempted murder, Robert Wilson filed this suit in federal court under 42 U.S.C. §1983 against persons associated with the prosecution, plus the City of Chicago.

Defendants took the deposition of Tyler Nims, who while a law student had interviewed (on Wilson's behalf) a mental patient who took responsibility for the acts of which Wilson had been convicted. Nims sat for the deposition on May 12, 2010, and refused to answer several questions, asserting the attorney work-product privilege. The district court held a hearing by telephone and directed Nims to answer. Nims complied with this order.

Defendants want to use Nims's answers in support of a motion for summary judgment and, if necessary, at trial. Wilson and Nims have filed an interlocutory appeal, invoking the collateral-order doctrine of *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949). We issued an order requiring the parties to file memoranda addressing the question whether the appeal comes within our jurisdiction in light of *Mohawk Industries, Inc. v. Carpenter*, 130 S. Ct. 599 (2009), which held that the collateral-order doctrine does not support an interlocutory appeal by a party to the litigation who contends that the district judge erred in resolving a dispute about an evidentiary privilege. The Supreme Court concluded that an appeal from the final decision suffices to deal with any error. See also *In re Whirlpool Corp.*, 597 F.3d 858 (7th Cir. 2010). But appellants contend that Nims, as a non-party who will be unable to appeal from the final decision, can maintain an interlocutory appeal notwithstanding *Mohawk Industries*, and that Wilson also may do so because the order to disclose was not directed against him.

Although that line of argument is in tension with *United States v. Ryan*, 402 U.S. 530 (1971), which held that a non-party may obtain appellate review only by refusing to comply and being held in contempt of court, we concluded before *Mohawk Industries* that *Cohen* allows an immediate appeal by a non-party who is ordered to disclose assertedly privileged information. See *Burden-Meeks v. Welch*, 319 F.3d 897, 900-01 (7th Cir. 2003) (collecting cases). We analogized to *Perlman v. United States*, 247 U.S. 7 (1918), in which a party, who had supplied information to his lawyer, wanted to prevent the lawyer from turning the information over to another of the litigants. The Court observed in *Perlman* that the original source of the information had no other way to enforce his claim of confidentiality, for there was nothing he could do if the information's current holder was disposed to comply with the judicial turn-over order. Later decisions have understood *Perlman* as establishing a rule that a party may obtain interlocutory appellate review of disclosure orders directed against disinterested third parties. See, e.g., *Church of Scientology v. United States*, 506 U.S. 9, 18 n.11 (1992). By contrast, when an order of disclosure is directed against a person whose legal interests are affected, that person *has* a means to obtain appellate review: refuse to comply, be subjected to sanctions in contempt, and then appeal from the sanctions. That approach puts the objecting person's sincerity to the test by attaching a price to the demand for immediate review. Only serious and substantial disputes will interrupt the proceedings in the district court.

Our first decision after *Mohawk Industries* arose from an appeal by a non-party, but we did not decide whether *Burden-Meeks* and similar decisions survived *Mohawk Industries* or are reconcilable with *Ryan*. See *Sandra T.E. v. South Berwyn School District 100*, 600 F.3d 612, 617-18 (7th Cir. 2010). *Mohawk Industries* calls *Perlman* and its successors into question, because, whether the order is directed against a litigant or a third party, an appeal from the final decision will allow review of the district court's ruling. Only when the person who asserts a privilege is a non-litigant will an appeal from the final decision be inadequate. The reason we bypassed the subject in *Sandra T.E.* is that the appeal had been resolved before the Supreme Court issued its opinion in *Mohawk Industries*, with a notation that an opinion would follow. After our decision, but before the release of our opinion, the Justices issued *Mohawk Industries*; our panel thought it inappropriate to dismiss the appeal on jurisdictional grounds, given that it had already been resolved on the merits, but flagged the subject for further attention.

As it happens, this is not the occasion for that further attention, because there is *another* jurisdictional problem, one that takes precedence. From Nims's perspective, this matter is moot. He complied with the district judge's order. The privilege (if there is one) belongs to Wilson, not to Nims, who interviewed the mental patient as Wilson's agent. There is no case or controversy between Nims and any of the litigants, and he has no continuing duties under the district court's order, so his appeal must be dismissed.

The premise of an interlocutory appeal in a case such as *Perlman* or *Burden-Meeks* is that the holder of the information has yet to comply with the order. Interlocutory review permits a decision before the cat is out of the bag. By answering the questions at his deposition, Nims revealed to the defendants the (assertedly) privileged information. Wilson's appeal cannot achieve an order relieving Nims of the choice between disclosing and standing in contempt; Nims has disclosed already. The only remaining question is whether defendants may use information that they now possess. *Mohawk Industries* holds that the district court's resolution of that issue be reviewed on appeal from the final decision.

The record on appeal includes a sealed envelope containing Nims's answers during the deposition. The envelope will be returned, unopened, to the district court. *Mohawk Industries* tells us that access to assertedly privileged information is within the district judge's control while the litigation proceeds in the district court. Until a final decision has been made in the district court, we do not have any legitimate say about the disposition of the material collected in discovery.

The appeal is dismissed for lack of jurisdiction.