# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

      v.

MATTHEW GALE KRANE; JEFFREY
GREENSTEIN; CHARLES H. WILK,
      *Defendants,*

      and

QUELLOS GROUP LLC,
      *Intervenor-Appellant.*

No. 10-30247

D.C. No.
2:08-cr-00296-
RSM-1

OPINION

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted
October 4, 2010—Seattle, Washington

Filed October 29, 2010

Before: Sidney R. Thomas and Milan D. Smith, Jr.,
Circuit Judges, and David A. Ezra, District Judge.*

Opinion by Judge Thomas

---

  *The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

17951

---

**COUNSEL**

J. Ronald Sim and Molly Margaret Daily, Seattle, Washington, Bennett Evan Cooper, Phoenix, Arizona, for intervenor-appellant Quellos Group, LLC.

Jenny A. Durkan, Michael S. Morgan, Seattle, Washington, for plaintiff-appellee United States of America.

---

**OPINION**

THOMAS, Circuit Judge:

This interlocutory appeal presents, *inter alia*, the question of whether the *Perlman* rule survives *Mohawk Industries, Inc. v. Carpenter*, 130 S.Ct. 599 (2009). Under these circumstances, we conclude that it does, and that we have jurisdiction over this appeal. However, we also conclude that there is no longer a justiciable controversy at issue, and we dismiss the appeal as moot. *See In re Grand Jury Proceedings Klayman*, 760 F.2d 1490, 1491 (9th Cir. 1985) ("We have jurisdiction under 28 U.S.C. § 1291. We agree that the controversy is moot and do not reach the merits.").

I

Intervenor-appellant Quellos Group, LLC ("Quellos"), appeals the district court's order compelling Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), Quellos's former

counsel, to comply with a pretrial subpoena duces tecum issued in anticipation of the criminal trial of two former Quellos executives (the "defendants"). Quellos was not charged in the criminal case. Quellos claims the materials the government seeks are subject to its attorney-client privilege.

The criminal case underlying the present interlocutory appeal alleges that the defendants violated federal law in creating a fraudulent tax shelter called "POINT." A federal grand jury indicted the defendants on eighteen counts, including conspiring to defraud the Internal Revenue Service, tax evasion, counseling false tax filings, wire fraud, and conspiring to launder monetary instruments. The government alleges that the defendants "developed and marketed" POINT on behalf of Quellos.

Quellos intervened to assert attorney-client privilege against a pretrial subpoena duces tecum served on Skadden in April 2010. The government claims that key to the success of the POINT transaction were opinion letters Quellos obtained from "respected law firms" that assured POINT clients that POINT was "more likely than not" to survive an IRS challenge. Before the district court, the government alleged that the defendants consulted Skadden regarding the development of POINT, with an eye toward having the firm produce an opinion letter on the shelter's legality. The district court permitted the government to serve Skadden with a pretrial subpoena duces tecum. *See* Fed. R. Crim. P. 17(c). The government sought all materials from January 1999 through December 2000 relating to POINT, as well as materials prepared during that period at the behest of certain Quellos employees that related to tax opinions, financial instruments, and partnerships.

Quellos informed Skadden that it was asserting attorney-client privilege as to the materials the government sought. Accordingly, Skadden produced a privilege log identifying three categories of documents—one set of attorney billing

records and two sets of handwritten attorney notes (the "Skadden Documents")—as responsive to the subpoena and indicating that attorney-client privilege was being asserted as to all of them. The government moved to compel and Quellos moved to intervene. The district court granted Quellos's motion to intervene and Quellos filed an opposition to the government's motion to compel. The district court granted the government's motion to compel, and this interlocutory appeal ensued. Upon Quellos's motion, this court stayed the district court's order pending appeal.

Subsequently, the defendants entered into plea agreements and the criminal trial was cancelled. Thereafter, the government informed Quellos that it would continue to seek the Skadden Documents. The government served a second subpoena duces tecum on Skadden, identical to the first in all relevant respects, with a return date set for the defendants' sentencing hearing.[1] Thereafter, Quellos filed a "Notice of Further Proceedings and Suggestion of Mootness" before this court, which the government opposed.

II

**[1]** We have jurisdiction to entertain this interlocutory appeal. "This court generally has jurisdiction to review only 'appeals from all final decisions of the district courts.' " *United States v. Griffin*, 440 F.3d 1138, 1141 (9th Cir. 2006) (quoting 28 U.S.C. § 1291). Here, the "district court's pretrial order is not a final decision under § 1291 because it does not 'end[ ] the litigation on the merits and leave[ ] nothing for the court to do but execute the judgment.' " *Id.* (alterations in the original) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521 (1988)). In general, interlocutory appellate review of an order compelling compliance with a subpoena is available

---

[1]Despite having served the second subpoena on Skadden, the government has yet to file a motion with the district court seeking issuance of a pre-sentencing subpoena duces tecum.

only when the subpoenaed party has refused to comply and appeals from the resulting contempt citation. *See United States v. Ryan*, 402 U.S. 530, 532-33 (1971).

**[2]** Skadden has not been cited in contempt. However, we maintain jurisdiction over this interlocutory appeal under the so-called *Perlman* rule. *See Perlman v. United States*, 247 U.S. 7 (1918). Under *Perlman*, "a discovery order directed at a 'disinterested third-party custodian of privileged documents' is immediately appealable because 'the third party, presumably lacking a sufficient stake in the proceeding, would most likely produce the documents rather than submit to a contempt citation.' " *Griffin*, 440 F.3d at 1143 (quoting *United States v. Austin*, 416 F.3d 1016, 1024 (9th Cir. 2005)). Here, Skadden is such a disinterested third party.[2] Therefore, as both parties agree, we have appellate jurisdiction under the *Perlman* rule.

**[3]** The *Perlman* rule survives the Supreme Court's recent decision in *Mohawk Industries, Inc. v. Carpenter*, 130 S.Ct. 599 (2009). In *Mohawk*, the Supreme Court held that "disclosure orders adverse to the attorney-client privilege" are not subject to interlocutory review under the *Cohen* "collateral order" exception to the final-judgment rule of 28 U.S.C. § 1291. 130 S.Ct. at 609. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949).

---

[2]Were Skadden still representing Quellos, Skadden would be deemed an interested party and the *Perlman* rule would not apply, but because Skadden is Quellos's *former* counsel, Skadden is disinterested and we have jurisdiction under *Perlman*. *See In re Grand Jury Subpoena Issued to Bailin*, 51 F.3d 203, 205 (9th Cir. 1995) ("We have previously held that the *Perlman* exception does not apply where the subpoena is directed at an attorney who is currently representing the party moving to quash the subpoena in connection with the grand jury proceedings. . . . On the other hand, the denial of a motion to quash a subpoena directed at the movant's former attorney is appealable." (citations omitted)); *In re Grand Jury Subpoena Dated June 5, 1985*, 825 F.2d 231, 237 (9th Cir. 1987).

**[4]** *Perlman* and *Mohawk* are not in tension. When assessing the jurisdictional basis for an interlocutory appeal, we have considered the *Perlman* rule and the *Cohen* collateral order exception separately, as distinct doctrines. *See, e.g.*, *Griffin*, 440 F.3d at 1141-43; *Austin*, 416 F.3d at 1024 (after assessing the collateral order doctrine's potential applicability, describing the *Perlman* rule as "an alternative jurisdictional basis to review the District Court's order"); *United States v. Amlani*, 169 F.3d 1189, 1191-92 & 1192 n.2 (9th Cir. 1999); *see also United States v. Myers*, 593 F.3d 338, 345-48 (4th Cir. 2010) (assessing the *Perlman* rule and *Mohawk*'s effect on *Cohen*'s collateral order doctrine separately).

**[5]** *Mohawk* forecloses interlocutory appeal of some district court orders in reliance on the fact that "postjudgment appeals generally suffice to protect the rights of litigants and assure the vitality of the attorney-client privilege." 130 S.Ct. at 606; *see also id.* at 607-08 (surveying "several potential avenues" by which "litigants confronted with a particularly injurious or novel privilege ruling" might seek its immediate review "apart from collateral order appeal," including by not complying with a disclosure order and then receiving, and appealing, a contempt citation (citing, *inter alia*, *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 18 n.11 (1992) (*citing Perlman*, 247 U.S. 7))). In contrast, the *Perlman* rule applies only when the privilege holder is " 'powerless to avert the mischief of' " a district court's discovery order because the materials in question are held by a disinterested third party. *Griffin*, 440 F.3d at 1143 (quoting *Perlman*, 247 U.S. at 13). Such third parties, like Skadden here, may be likely to forgo suffering a contempt citation and appealing in favor of disclosure. *See Austin*, 416 F.3d at 1024. If Skadden had produced the documents, Quellos would have been deprived of the opportunity to challenge the subpoena. *See Federal Ins. Co. v. Maine Yankee Atomic Power Co.*, 311 F.3d 79, 81 (1st Cir. 2002) (production of documents by third party renders objection moot). Further, in this case, neither the

privilege holder nor the custodian of the relevant documents are parties to the underlying criminal proceedings. Thus, for all practical purposes, this appeal is Quellos's only opportunity to seek review of the district court's order adverse to its claims of attorney-client privilege.

**[6]** For all these reasons, we conclude that, under the *Perlman* rule and 28 U.S.C. § 1291, we have jurisdiction to hear Quellos's claims.[3]

## III

Turning to the issues before us, we agree with Quellos's suggestion that the guilty plea of the defendants, and subsequent vacation of the trial, have rendered the trial subpoenas moot. *See Harter v. Iowa Grain Co.*, No. 98-7108, 1998 WL 796131, at *1 (D.C. Cir. Oct. 28, 1998) (per curiam) (dismissing as moot an appeal from an order compelling compliance with a subpoena upon termination of the underlying proceeding (citing *El Paso v. Reynolds*, 887 F.2d 1103, 1105-06 (D.C. Cir. 1989) (per curiam) (appeal regarding trial subpoena is moot when there is no pending trial))); *Central Wyoming Law Assoc. v. Denhardt*, 60 F.3d. 684, 686 (10th Cir. 1995) (noting that the subpoenas became moot when the criminal case was settled); *In re Steinberg*, 837 F.2d 527, 527 n.1 (1st Cir. 1988) (noting that the conclusion of trial proceedings rendered the appeal from a contempt citation issued for failure to comply with a subpoena moot); *United States v. Miller*, 685 F.2d 123, 124 (5th Cir. 1982) (per curiam) (holding that the conclusion of criminal trial proceedings rendered an appeal concerning a pre-trial subpoena moot); *United States v. Christo*, 614 F.2d 486, 495 n.10 (5th Cir. 1980) (retrial rendered issues regarding quashal of subpoena moot).[4]

---

[3]*But cf. Wilson v. O'Brien*, No. 10-2417, ___ F.3d ___, 2010 WL 3447650, at *2 (7th Cir. Sept. 3, 2010) (Easterbrook, C.J.) (questioning *Perlman*'s vitality after *Mohawk* under different factual circumstances).

[4]The government's citations to *United States v. Zolin*, 491 U.S. 554 (1989), are unavailing. In a footnote, *Zolin* dismissed allegations of moot-

**[7]** In this case, the district court authorized the government "to issue a *pretrial* subpoena duces tecum" to Skadden pursuant to Fed. R. Crim P. 17(c)(1). In order to grant a pretrial subpoena in a criminal case, the court must be persuaded by the moving party:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974) (footnote omitted).

**[8]** In granting the pre-trial subpoena duces tecum, the district court necessarily engaged in a "discretionary, case-by-case inquiry" in which the court considered these factors and the purposes for which the government sought the Skadden Documents. *United States v. Bergeson*, 425 F.3d 1221, 1225 (9th Cir. 2005)*; see* Fed. R. Crim P. 17(c)(2). Primary among the government's reasons was obtaining evidence that the defendants had engaged in fraud. Now that the defendants have entered guilty pleas, developing evidence of their guilt is no longer necessary. The defendants' guilty pleas are "an intervening event" by virtue of which this court "cannot grant

---

ness and noted that a "live controversy remain[ed]" as to a discovery dispute notwithstanding the death of the alleged privilege holder. *Id.* at 557 n.3. But the controversy in *Zolin* was embodied in two separate proceedings, one criminal and one civil, and only the former terminated with the privilege-holder's death. *Id.* Here, in contrast, there is only *one* proceeding, and the only trial for which the subpoena was sought has now been cancelled.

any effectual relief." *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (internal quotes and citation omitted). To fashion "effectual relief" in this case, this court would have to assess the effectiveness of a Rule 17 *pretrial* subpoena as against allegations of privilege when there will be no trial.

**[9]** Therefore, we must dismiss this appeal as moot and instruct the district court to vacate its order directing compliance with the subpoena. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 39-40 (1950) (a district court decision that becomes moot prior to the appellate court's disposition must be vacated); *Harter*, 1998 WL 796131, at *1 (applying *Munsingwear* in the subpoena context); *Miller*, 685 F.2d at 124 (same); *see also Idaho v. Horiuchi*, 266 F.3d 979 (9th Cir. 2001) (en banc).

The government argues that it needs the Skadden Documents for sentencing. Indeed, a "pretrial" criminal subpoena can be issued for a sentencing proceeding. *See United States v. Winner*, 641 F.2d 825, 833 (10th Cir. 1981). However, such a right is not unfettered, as the Tenth Circuit explained:

> In such situations, the party seeking production must show: (1) that the information is evidentiary and relevant; (2) that it is not otherwise procurable in advance through the exercise of due diligence; (3) that the party seeking production cannot properly prepare for post-trial motions or sentencing without advance inspection; and (4) that the application is made in good faith and is not simply intended as a general "fishing expedition."

*Id* (citing *Nixon*, 418 U.S. at 699-700). In short, if a presentencing subpoena is sought, the trial court must apply the *Nixon* factors in the specific context of sentencing.

We do not opine on the propriety of the government's second subpoena duces tecum, but we note that the district court

has not had the opportunity to apply the *Nixon* factors in the sentencing context. The government concedes that the entry of the defendant's guilty pleas has caused its purposes for seeking the Skadden Documents to shift. It no longer needs the materials to establish guilt; rather, it would like to use the materials to develop arguments at sentencing relevant to application of the United States Sentencing Guidelines. Quellos argues that its objections to the production of the Skadden Documents have also altered. The basis for the district court's order compelling compliance with the original subpoena duces tecum no longer exists. Reliance on the original trial subpoena would be improper.

## IV

Therefore, we dismiss this appeal as moot, vacate the district court's order compelling compliance with the April 2010 subpoena duces tecum, and remand for further proceedings consistent with this opinion. We need not, and do not, reach any other question presented by the parties.

**DISMISSED, VACATED, AND REMANDED WITH INSTRUCTIONS.**