RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 11a0143p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

SHEILA HOLT-ORSTED; HARRY HOLT,
deceased, by his personal representative,
estate, heirs and assigns; BEATRICE HOLT;
JASMINE ORSTED; BONITA HOLT; O'BRIAN
HOLT; BRANDON HOLT; PATRICK HOLT;
BIANKA BENTLEY; DEMETRIUS HOLT; DAVID
BROWN,

          _Plaintiffs-Appellants,_

     _v._

CITY OF DICKSON; DICKSON COUNTY, TN;
BETSY L. CHILD, Commissioner; SUSAN R.
COOPER, Commissioner,

          _Defendants-Appellees._

No. 09-6327

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 07-00727—E. Clifton Knowles, Magistrate Judge.

Argued: October 19, 2010

Decided and Filed: May 24, 2011

Before: GILMAN and GRIFFIN, Circuit Judges; ROSE, District Judge.[*]

_____

## COUNSEL

**ARGUED:** Ryan C. Downer, NAACP LEGAL DEFENSE & EDUCATIONAL FUND,
New York, New York, for Appellants. Teresa Reall Ricks, FARRAR & BATES, L.L.P.,
Nashville, Tennessee, for Appellees. **ON BRIEF:** Ryan C. Downer, John Payton, Debo
P. Adegbile, Matthew Colangelo, Joy Milligan, NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, New York, New York, for Appellants. Teresa Reall Ricks,
Beth Frazer, FARRAR & BATES, L.L.P., Nashville, Tennessee, William H. Farmer,

_____

[*] The Honorable Thomas M. Rose, United States District Judge for the Southern District of Ohio,
sitting by designation.

JONES, HAWKINS & FARMER, PLC, Nashville, Tennessee, Jennifer L. Brundige, LUNA LAW GROUP, PLLC, Nashville, Tennessee, for Appellees.

———————————

**OPINION**

———————————

GRIFFIN, Circuit Judge.

In this interlocutory appeal, plaintiffs challenge the magistrate judge's order, issued with plenary authority pursuant to 28 U.S.C. § 636(c), that compels the testimony of plaintiffs' former counsel over plaintiffs' claim of attorney-client privilege. Because the order is not a final judgment under 28 U.S.C. § 1291, and does not otherwise qualify for our immediate review, we lack jurisdiction to hear plaintiffs' appeal and therefore dismiss it.

I.

Plaintiffs are all members of an African-American family, the Holts, who reside or have resided for many years near a contaminated landfill owned and run by defendants City of Dickson ("the City") and County of Dickson, Tennessee ("the County"). Plaintiffs allege that defendants were aware as early as 1988 that the well water of the properties adjacent to the landfill was contaminated with a toxic chemical, trichloroethylene ("TCE"), that had been dumped at the landfill. Plaintiffs contend that, although defendants promptly warned Caucasian families living nearby not to drink the water and provided them with alternate sources of safe water, the similarly-situated African-American plaintiffs were not warned and, in fact, were repeatedly assured for almost fifteen years that their water was safe to drink. Each of the plaintiffs has been plagued by various illnesses, deformities, and physical impairments, which they attribute to the ingestion of contaminated well water that leached from the landfill.

In December 2003, plaintiffs filed suit in the Tennessee state-court system. Subsequently, the action was transferred to the United States District Court for the Middle District of Tennessee. Plaintiffs allege racial discrimination in violation of the

Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1983; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d; and various state-law claims against the city, county, and state defendants.[1]

At issue in this interlocutory appeal is the magistrate judge's order granting in part the City's motion to compel the testimony of Sharon Jacobs, former counsel to plaintiffs. Jacobs consulted with plaintiffs' decedent Harry Holt about environmental issues in 2000, and then, in November 2000, sent a letter to the County requesting, under the Tennessee Public Records Act and the Freedom of Information Act, all data related to soil and water testing conducted for properties within a one-mile radius of the landfill. Plaintiffs allege that they first discovered in April or May of 2003 that their injuries could be caused by the contaminated well water. However, the City has asserted a statute-of-limitations defense and contends that if plaintiffs consulted with Jacobs concerning the contaminated well water in 2000, as suggested by the November 2000 letter, then the action is barred by the applicable one-year statute of limitations set forth in Tennessee Code Annotated § 28-3-104(a)(3). In an effort to obtain further information, the City noticed the deposition of Jacobs upon written questions pursuant to Federal Rule of Civil Procedure 31.

Prior to Jacobs' deposition in August 2009, plaintiffs instructed Jacobs that they believed that many of the City's written questions sought information protected by the attorney-client privilege, including information regarding client communications, litigation strategy, and other legal advice based on those client communications. Consequently, at her deposition, Jacobs refused to answer several of the questions on the basis of the attorney-client privilege.

The City then filed a motion to compel Jacobs' testimony. Plaintiffs and the City filed a notice of consent, approved by the district court, to refer the motion to a magistrate judge pursuant to 28 U.S.C. § 636(c). In an order dated September 30, 2009,

---

[1]Defendant Betsy L. Child is the Commissioner of the Tennessee Department of Environment and Conservation; defendant Susan R. Cooper is the Commissioner of the Tennessee Department of Health.

the magistrate judge granted in part and denied in part the City's motion to compel, holding that the information sought in the majority of the written deposition questions was neither protected by the attorney-client privilege nor by the work-product doctrine. The magistrate judge denied plaintiffs' motion to alter or amend the order, and plaintiffs now appeal directly to this court.

## II.

As a threshold matter, the City contends that this court lacks jurisdiction to entertain plaintiffs' interlocutory appeal because (1) as a matter of law, limited issues, such as the present discovery motion, cannot be transferred in piecemeal fashion to a magistrate judge for resolution under 28 U.S.C. § 636(c); and (2) the parties did not effectively consent to the exercise of *plenary* jurisdiction by the magistrate judge pursuant to § 636(c), but instead agreed to refer the motion pursuant to 28 U.S.C. § 636(b), which permits a magistrate judge to decide pretrial matters but specifies that reconsideration of the magistrate's order shall be by the district judge to whom the case is assigned. *See* 28 U.S.C. § 636(b)(1)(A)-(C). Both arguments are without merit.

28 U.S.C. § 636(c)(1) provides that "[u]pon the consent of the parties, a . . . magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court[.]" "Upon the entry of judgment in any case referred under [§ 636(c)(1)], an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court." 28 U.S.C. § 636(c)(3). *See also* Federal Rule of Civil Procedure 73(c) ("In accordance with 28 U.S.C. § 636(c)(3), an appeal from a judgment entered at a magistrate judge's direction may be taken to the court of appeals as would any other appeal from a district-court judgment."); *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 472 (6th Cir. 2006) ("[I]f the statutory requirements [of § 636(c)] are met, either party may appeal this judgment directly to the court of appeals without seeking review in the district court. Otherwise, we are without

jurisdiction to review the magistrate's order unless the parties have sought review in the district court.") (citation and internal quotation marks omitted).

We have held that "[t]he plain language of [28 U.S.C. § 636(c)(1)] allows the magistrate judge to 'conduct *any or all* proceedings in a jury or non-jury civil matter[,]" without restriction. *Moses v. Sterling Commerce (America), Inc*., 122 F. App'x 177, 180-81 (6th Cir. 2005) (quoting 28 U.S.C. § 636(c)(1)); *see also* Fed. R. Civ. P. 73(a) ("[A] magistrate judge may, if all parties consent, conduct a civil action *or proceeding*, including a jury or nonjury trial.") (emphasis added); M.D. Tenn. R. 73.01(a) ("After an order of transfer is entered in a case [pursuant to § 636(c)(1)], a Magistrate Judge may conduct any and all proceedings in the case" and, "[i]n the course of conducting such proceedings, . . . may hear and determine any pre-trial and post-trial motions . . . ."); *cf. Quantum Mgmt. Group, Ltd. v. Univ. of Chicago Hosps.*, 283 F.3d 901, 905 (7th Cir. 2002) (undertaking direct review of the magistrate judge's order after noting that "the parties consented to the exercise of jurisdiction by [the magistrate judge] for the limited purpose of ruling on [the defendant's] summary judgment motion."); *Stockler v. Garratt*, 974 F.2d 730, 732 (6th Cir. 1992) ("Under 28 U.S.C. § 636(c), the district court is authorized to appoint a magistrate to conduct *voir dire* if he has the consent of the parties.").

Thus, a § 636(c)(1) referral grants full authority to a magistrate judge to oversee all or part of a case, as consented to by the parties and designated by the district court, "in the same manner as a district judge would." *Moses*, 122 F. App'x at 181 (citing *Roell v. Withrow*, 538 U.S. 580, 585 (2003)). There is simply no merit to the City's argument that a magistrate judge's exercise of plenary jurisdiction is invalid unless the entire case is referred to the magistrate under § 636(c)(1).

With regard to the issue of consent, there must be a "clear and unambiguous statement in the record indicating that the parties consented to the exercise of plenary jurisdiction by the Magistrate." *Ambrose v. Welch*, 729 F.2d 1084, 1085 (6th Cir. 1984) (per curiam). The City contends that the Notice of Consent submitted jointly by the City and plaintiffs is ineffective in its grant of plenary jurisdiction to the magistrate judge

because it states ambiguously that the parties "consent that any issues that arise in connection with the City's subpoena or the deposition of Ms. Jacobs may be referred to a Magistrate Judge of this Court *pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72.*" (Emphasis added.) Rule 72 addresses court-ordered referrals of pretrial matters to a magistrate judge under 28 U.S.C. § 636(b)(1) and, upon objection by a party, requires review of the magistrate's decision by the district court.[2] The City maintains that the citation to Rule 72 in the Notice of Consent therefore contradicts a § 636(c) referral and, in the absence of the City's clear consent to the magistrate judge's exercise of plenary jurisdiction under § 636(c), obliges us to construe the statutory basis for the referral as § 636(b). However, any inconsistency in the language of the Notice of Consent is inconsequential when viewed in the context of these proceedings. The City's assertion that it consented only to a § 636(b) referral is unpersuasive for several reasons.

First, the Notice of Consent, the district court's referral order, and the magistrate judge's order granting the City's motion to compel all expressly state that the parties consented to the transfer "pursuant to 28 U.S.C. § 636(c)." None of these documents even mention § 636(b), presumably because a § 636(b) referral does not require the consent of the parties in the first place. *Compare* 28 U.S.C. § 636(b)(1), *with* 28 U.S.C. § 636(c)(1).

Second, the unique circumstances underlying the referral render the City's argument untenable. The purpose of the referral was to recuse the district judge from an ancillary discovery dispute involving a non-party witness. The judge's son was employed by the law firm that represented attorney Jacob. For this reason, the judge sought to recuse himself to avoid any appearance of bias or self-interest. Given the fact that the purpose of the transfer was to bypass the district judge on all matters related to Jacobs, the City's contention that the district judge intended to reserve the ability, under § 636(b), to review the magistrate judge's order makes no sense. The referral would have been pointless. The record indicates that the City knew what was intended when

---

[2]Federal Rule of Civil Procedure 73, in turn, sets forth the procedure to be utilized when a magistrate judge has been authorized to conduct a civil action or proceeding in accordance with § 636(c).

it expressly consented to the referral under § 636(c), and its protests to the contrary ring hollow.

Third, in the proceedings below, the City never challenged the magistrate judge's plenary jurisdiction, as it does now – for the first time – in this appeal. The City voluntarily participated in the proceedings before the magistrate judge and, "[b]y consenting to having [its] case heard by the magistrate judge, [the City] waived [its] constitutional right to an Article III judge." *Moses*, 122 F. App'x at 181; *see also id.* at 180 ("[I]t is undisputed that both [parties] consented to the reference to a magistrate judge [pursuant to § 636(c)]. . . . Thus, having given his consent to a magistrate judge hearing his case, Moses cannot now contest [the magistrate judge's] authority to impose sanctions, rule on motions, or render a final judgment."); *Gen. Trading Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485, 1495-96 (11th Cir. 1997) ("A failure to object to the authority of a magistrate judge, especially when preceded by express consent to the magistrate judge . . . , waives any constitutional right to an Article III judge."); *cf.*, *United States v. B & D Vending, Inc.*, 398 F.3d 728, 732 (6th Cir. 2004) ("The failure of defendants to raise promptly the issue of the magistrate judge's authority [pursuant to § 636(b)] to hold the show-cause hearing, at a time when corrective action could be undertaken, if any might be warranted, is troubling. Also vexing is that the defendants waited until after the final R & R, which was adverse to their primary contentions on the merits, to articulate this position."); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213 (6th Cir. 1981) ("Ordinarily a party who objects to a reference to a magistrate [under § 636(b)] must make his objections known either at the time of reference or soon thereafter. To permit such objections after the magistrate makes his findings and recommendations would certainly not serve the cause of judicial economy.") (citations omitted).

In sum, the record clearly reflects that the City expressly consented to the magistrate judge's exercise of plenary jurisdiction under § 636(c).[3]

---

[3]The County and state defendants did not intervene in the present discovery dispute between the City and plaintiffs and did not object below to the § 636(c) referral to the magistrate judge. Assuming arguendo that their consent to this limited referral was necessary, such consent can be inferred from the circumstances. *See Roell*, 538 U.S. at 588-90. These defendants have proffered their written consent to this court, albeit after-the-fact, to have the magistrate judge "conduct all proceedings in this case including

III.

The question remains whether we have jurisdiction to entertain this interlocutory appeal of the discovery order under one of the exceptions to the final-judgment rule. The magistrate judge's order issued with plenary authority is subject to the same jurisdictional constraints as an order entered by the district court.

Under 28 U.S.C. § 1291, we review only "final decisions" of the district courts. *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 471 (6th Cir. 2006). Thus, "a party may not take an appeal under this section until there has been a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Id.* (citation and internal quotation marks omitted). "[D]iscovery orders . . . are generally not immediately appealable under the final judgment rule or the collateral order doctrine" because "a party can obtain effective review of the district court order by failing to comply with the order and perfecting an appeal should the district court impose sanctions or a contempt citation." *John B. v. Goetz*, 531 F.3d 448, 458 (6th Cir. 2008) (internal quotation marks and citation omitted); *see also Pogue*, 444 F.3d at 471 ("Discovery orders generally are not final decisions and cannot be reviewed unless the trial court enters a final judgment disposing of all claims.").

Under the "collateral order doctrine" established by *Cohen v. Beneficial Industries Loan Corp.*, 337 U.S. 541 (1949), an order may be immediately appealable if it "(1) conclusively determines a disputed issue; (2) resolves an issue separate from the merits of the action that is too important to be denied review; and (3) will be

trial, the entry of judgment, and all post-trial proceedings." *See Heft v. Moore*, 351 F.3d 278, 281 (7th Cir. 2003) (defendants' consent to magistrate judge's jurisdiction could be inferred where they participated in proceedings before the magistrate and signed formal written consent after having been dismissed from the action); *Drake v. Minn. Min. & Mfg. Co.*, 134 F.3d 878, 883 (7th Cir. 1998) (finding jurisdiction to hear appeal where, although two parties had not consented at the time of oral argument before the court of appeals, they were allowed ten days to file consents after that argument and timely filed the consents); *Am. Suzuki Motor Corp. v. Bill Kummer, Inc.*, 65 F.3d 1381, 1385 (7th Cir. 1995) (holding that although the record did not show the consent of one party to trial before the magistrate judge pursuant to § 636(c), there was jurisdiction to hear appeal where that party, in response to an order by the court of appeals to address its jurisdiction, attested that he had consented to the referral); *King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1185 (7th Cir. 1987) (finding jurisdiction to hear appeal from magistrate judge's decision where the parties showed that they consented to § 636(c) referral by submitting joint stipulation after the magistrate judge's entry of judgment).

effectively unreviewable on appeal from a final judgment." *Pogue*, 444 F.3d at 472; *see also In re Lott*, 424 F.3d 446, 449 n.2 (6th Cir. 2005). "This court has repeatedly held, however, that discovery orders are generally not appealable under the collateral order doctrine. Rather, to obtain review from this court, a complaining party must disobey the discovery order and incur an appealable contempt citation if that party is able to do so." *Pogue*, 444 F.3d at 472 (internal citations omitted). "In addition to the contempt route to review, we have allowed for a petition for writ of mandamus as a means of immediate appellate review of orders compelling the disclosure of documents and information claimed to be protected from disclosure by privilege or other interests in confidentiality." *Id.* (citation and internal quotation marks omitted). This court ordinarily has not allowed immediate review of discovery orders involving claims of privilege under the collateral order doctrine, but instead favors mandamus as the appropriate method of review (and even then only in extraordinary cases). *Id.* at 473; *In re Lott*, 424 F.3d at 450; *Ross v. City of Memphis*, 423 F.3d 596, 599 (6th Cir. 2005).

Our reluctance to use the collateral order doctrine as a means of reviewing interlocutory discovery orders involving privilege has been validated by the Supreme Court's recent decision in *Mohawk Industries, Inc. v. Carpenter*, — U.S. — , 130 S. Ct. 599, 175 L. Ed. 2d 458 (2009), in which the Court held that "the collateral order doctrine does not extend to disclosure orders adverse to the attorney-client privilege." *Id.* at 609. In *Mohawk*, the defendant attempted to bring a collateral order appeal after the district court ordered it to disclose certain confidential information on the ground that the defendant had waived the attorney-client privilege. *Id*. at 603-04. The court of appeals refused a writ of mandamus and dismissed the appeal for want of jurisdiction. The Supreme Court affirmed, stating:

> In our estimation, postjudgment appeals generally suffice to protect the rights of litigants and assure the vitality of the attorney-client privilege. Appellate courts can remedy the improper disclosure of privileged material in the same way they remedy a host of other erroneous evidentiary rulings: by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence.

*Id*. at 606-07.

While acknowledging the importance of the attorney-client privilege, the Court held that "the limited benefits of applying the blunt categorical instrument of § 1291 collateral order appeal to privilege-related disclosure orders simply cannot justify the likely institutional costs." *Id*. at 608 (citation and internal quotation marks omitted). "Most district court rulings on these matters involve the routine application of settled legal principles," and "[s]ection 1292(b) appeals, mandamus, and appeals from contempt citations facilitate immediate review of some of the more consequential attorney-client privilege rulings[,]" along with "protective orders . . . [,] to limit the spillover effects of disclosing sensitive information." *Id*. at 607-08. The Court opined that to otherwise "[p]ermit[] parties to undertake successive, piecemeal appeals of all adverse attorney-client rulings would unduly delay the resolution of district court litigation and needlessly burden the Courts of Appeals." *Id*. at 608. The Court emphasized that "the class of collaterally appealable orders must remain narrow and selective in its membership" and, therefore, "[t]he justification for immediate appeal must . . . be sufficiently strong to overcome the usual benefits of deferring appeal until litigation concludes." *Id*. at 605, 609 (citation and internal quotation marks omitted).

One such justification for an immediate appeal exists in situations "where a party claiming a privilege is 'powerless to avert the mischief of the order.'" *Ross*, 423 F.3d at 599 (quoting *Perlman v. United States*, 247 U.S. 7, 13 (1918)). "Under *Perlman*, 'a discovery order directed at a disinterested third party is treated as an immediately appealable final order because the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance.'" *John B*., 531 F.3d at 458 n.6 (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 18 n.11 (1992)); *see also In re Air Crash at Belle Harbor, New York on November 12, 2001*, 490 F.3d 99, 106 (2d Cir. 2007) ("[T]he *Perlman* exception is relevant only to appeals brought by the holder of a privilege where the disputed subpoena is directed at *someone else*. It is impossible for such an appellant to pursue the normal avenue of review – submission to contempt – because . . . that appellant has not been required to do anything by the district

court."); *Burden-Meeks v. Welch*, 319 F.3d 897, 899-900 (7th Cir. 2003) ("The idea behind *Perlman* is that someone who is neither a party to the suit nor a person aggrieved by the disclosure cannot be expected to put his own neck on the chopping block, standing in contempt of court just to help the privilege holder obtain appellate review."); *Fed. Deposit Ins. Corp. v. Ogden Corp.*, 202 F.3d 454, 459-60 (1st Cir. 2000) (finding jurisdiction in circumstances analogous to the present case and holding that "a substantial privilege claim that cannot effectively be tested by the privilege-holder through a contemptuous refusal ordinarily will qualify for immediate review if the claim otherwise would be lost."); *Bowen v. Zack*, 103 F.3d 128, 1996 WL 668558, at *1 (6th Cir. 1996) (unpublished table decision) ("This court has not interpreted this rule as allowing an immediate appeal by every third party that is directed to comply with a discovery order.  Rather, if the person with custody of the information has no interest in the right against disclosure that is being asserted, then *Perlman* allows an appeal without the necessary step of submitting to contempt.").

The *Perlman* exception permits the holder of the privilege, not the custodian of the sought-after documents, to immediately appeal without being subject to contempt. *John B.*, 531 F.3d at 458 n.6 (citation omitted).

We have applied *Perlman* in limited circumstances.  In *Ross,* a § 1983 action, we held that the district court's order allowing the plaintiff to obtain discovery from the former director of police regarding advice he received from the defendant city's attorneys about possible disciplinary action against the plaintiff was immediately appealable by the city, which asserted the attorney-client privilege.  *Ross*, 423 F.3d at 598-99.  We held that jurisdiction was proper because the city could not otherwise prevent the former director from complying with the discovery order and divulging the allegedly privileged information.  *Id.* at 599.  In *In re Grand Jury Proceedings – Gordon*, 722 F.2d 303, 305-07 (6th Cir. 1983), we determined that an order compelling an attorney's testimony before a grand jury was immediately appealable by his client, who asserted that the order violated the attorney-client privilege.

Plaintiffs argue that we should apply *Perlman* and hear their appeal. However, the *Mohawk* decision has altered the legal landscape related to collateral appeals of discovery orders adverse to the attorney-client privilege and narrowed the category of cases that qualify for interlocutory review. Indeed, one court has speculated about the continued viability of *Perlman* in the wake of the *Mohawk* decision.

In *Wilson v. O'Brien*, 621 F.3d 641 (7th Cir. 2010), the Seventh Circuit Court of Appeals stated that "*Mohawk Industries* calls *Perlman* and its successors into question, because, whether the order is directed against a litigant or a third party, an appeal from the final decision will allow review of the district court's ruling. *Only when the person who asserts a privilege is a non-litigant will an appeal from the final decision be inadequate.*" *Id.* at 643 (emphasis added).[4] We agree. In the instant case, where the privilege holder is a party to the litigation with recourse in a post-judgment appeal, we conclude that *Perlman* no longer affords jurisdiction to hear this interlocutory appeal.

In the first and only case thus far to consider *Mohawk's* impact on the *Perlman* rule, the Ninth Circuit Court of Appeals, in *United States v. Krane*, 625 F.3d 568, 573 (9th Cir. 2010), has determined in the context of proceedings in which a non-litigant invoked *Perlman*, that "[t]he *Perlman* rule survives the Supreme Court's recent decision in *Mohawk*[.]" *Id.* at 572.

In *Krane*, the defendants, former executives of Quellos Group, LLC ("Quellos"), faced criminal charges related to their alleged development of a fraudulent tax shelter on behalf of Quellos. The government served the law firm of Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), Quellos's former counsel, with a pretrial subpoena duces tecum seeking opinion letters and documents related to the tax shelter. *Id.* at 571. Quellos, which was not charged with any offenses, intervened to assert the attorney-client privilege as to these materials. *Id.* Skadden produced a privilege log that identified documents responsive to the subpoena, but indicated that Quellos was

---

[4] However, the *Wilson* court found it unnecessary to address this question because the appeal was rendered moot by the deponent's compliance with the disclosure order. *Wilson*, 621 F.3d at 643.

asserting the privilege.  *Id.*  The government's motion to compel a response to the subpoena was granted by the district court, and Quellos filed an interlocutory appeal. *Id*. The Ninth Circuit opined that, in these circumstances, the *Perlman* rule remains intact:

> *Perlman* and *Mohawk* are not in tension.  When assessing the jurisdictional basis for an interlocutory appeal, we have considered the *Perlman* rule and the *Cohen* collateral order exception separately, as distinct doctrines.
>
> *Mohawk* forecloses interlocutory appeal of some district court orders in reliance on the fact that "postjudgment appeals generally suffice to protect the rights of litigants and assure the vitality of the attorney-client privilege."  130 S. Ct. at 606; *see also id.* at 607-08 (surveying "several potential avenues" by which "litigants confronted with a particularly injurious or novel privilege ruling" might seek its immediate review "apart from collateral order appeal," including by not receiving, and appealing, a contempt citation (citing, *inter alia, Church of Scientology of Cal. v. United States*, 506 U.S. 9, 18 n. 11, 113 S. Ct. 447, 121 L. Ed. 2d 313 (1992) (citing *Perlman*, 247 U.S. 7, 38 S. Ct. 417))).  In contrast, the *Perlman* rule applies only when the privilege holder is "'powerless to avert the mischief of'" a district court's discovery order because the materials in question are held by a disinterested third party.  [*United States v.*] *Griffin*, 440 F.3d [1138, 1143 (9th Cir. 2006)] (quoting *Perlman*, 247 U.S. at 13, 38 S. Ct. 417).  Such third parties . . . may be likely to forgo suffering a contempt citation and appealing in favor of disclosure.  If Skadden had produced the documents, Quellos would have been deprived of the opportunity to challenge the subpoena.  *Further, in this case, neither the privilege holder nor the custodian of the relevant documents are parties to the underlying criminal proceedings. Thus, for all practical purposes, this appeal is Quellos's only opportunity to seek review of the district court's order adverse to its claims of attorney-client privilege*.
>
> For all these reasons, we conclude that, under the *Perlman* rule and 28 U.S.C. § 1291, we have jurisdiction to hear Quellos's claims.

*Id*. at 572-73 (internal citations omitted, emphasis added).

We agree with the Ninth Circuit that the collateral order doctrine and the *Perlman* exception have historically been viewed as discrete jurisdictional bases for immediate appeal.  The *Mohawk* decision, however, appears to have narrowed the scope

of the *Perlman* doctrine.  In *Krane*, neither Quellos, the privilege holder, nor Skadden, the custodian of the documents, were parties to the underlying litigation.  These facts support application of the *Perlman* doctrine because, without the ability to raise the privilege issue in an interlocutory appeal, Quellos, as a nonparty, would have lost its ability to do so in the future.  Going forward, application of the *Perlman* doctrine will likely be limited to such situations.

The case before us differs from *Krane* in one key way – the Holts, the privilege holders, are parties to the underlying litigation.  Although attorney Jacobs is a disinterested nonparty holding the allegedly privileged materials, and therefore the contempt-citation avenue of review is for all practical purposes foreclosed, plaintiffs, asserting the attorney-client privilege, ultimately can avail themselves of a post-judgment appeal which, under *Mohawk*, suffices "to protect the rights of the litigants and preserve the vitality of the attorney-client privilege."  *Mohawk*, 130 S. Ct. at 603.

For these reasons, because plaintiffs do not appeal a final judgment under 28 U.S.C. § 1291 and do not otherwise qualify for immediate interlocutory review under either the *Perlman* exception or the collateral order doctrine, we hold that we lack jurisdiction to hear plaintiffs' appeal.

IV.

Accordingly, the appeal is DISMISSED.