**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

                   Plaintiff - Appellee,

          v.

STEPHEN YAGMAN,

                   Defendant - Appellant.

No. 11-56598

D.C. Nos.     2:10-cv-09033-SVW
              2:06-cr-00227-SVW-1

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted January 10, 2013
Pasadena, California

Before: O'SCANNLAIN and W. FLETCHER, Circuit Judges, and
HELLERSTEIN, District Judge.**

          Petitioner Stephen Yagman appeals three district court orders relating to

discovery of attorney-client-privileged materials during litigation of his ineffective

---

          *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

          **    The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

assistance of counsel claim. We dismiss his interlocutory appeal for lack of jurisdiction and deny his alternative motion for a writ of mandamus.

I

Yagman argues that this court has jurisdiction to entertain his interlocutory appeal under *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) (en banc) and *Perlman v. United States*, 247 U.S. 7 (1918). We disagree. Whether or not our circuit's decision in *Bittaker* remains good law after the Supreme Court's decision in *Mohawk Industries, Inc. v. Carpenter*, 130 S. Ct. 599 (2009), its jurisdictional rule is not applicable in this case. In *Bittaker*, the Government appealed in order to gain the right to use the petitioner's privileged information at a retrial if the petitioner's writ of habeas corpus were to be granted. *See Bittaker*, 331 F.3d at 717. Here, in contrast, the Government accepts the protective order preventing the use of privileged information in any subsequent retrial, and Yagman appeals to block a discovery order in his own case. *Mohawk Industries* clearly holds that such an order is not immediately appealable. *Mohawk Indus., Inc.*, 130 S. Ct. at 609.

Likewise, the jurisdictional rule set forth in *Perlman* and reaffirmed in *United States v. Krane*, 625 F.3d 568 (9th Cir. 2010) does not confer jurisdiction over this appeal, both because Yagman, the privilege-holder, is a party to the action

and because the privileged documents have already been disclosed to the Government. *See id.* at 573. Thus, the Supreme Court's decision in *Mohawk Industries* controls, and we lack jurisdiction to hear Yagman's appeal from the district court's discovery orders even though they may implicate his attorney-client privilege. *Mohawk Indus., Inc.*, 558 U.S. at 603.

## II

In the alternative, Yagman urges us to treat his appeal as a petition for mandamus. We deny this motion. None of the five *Bauman* factors weighs in favor of issuing a writ of mandamus in this case. *See Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654–55 (9th Cir. 1977).

**DISMISSED.**