**In re GRAND JURY SUBPOENAS DATED MARCH 2, 2015.**

**No. 15–1976.**

United States Court of Appeals, Second Circuit.

Oct. 6, 2015.

Brian D. Linder, Clayman & Rosenberg LLP, New York, NY, for Intervenor–Appellant.

Stanley J. Okula, Jr., Michael A. Levy, Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: ROBERT D. SACK, DENNY CHIN, CHRISTOPHER F. DRONEY, Circuit Judges.

### SUMMARY ORDER

Intervenor-appellant is an investment company (the "Company") whose president and owner (the "Owner") is the subject of an ongoing grand jury investigation into tax fraud. On June 5, 2015, the United States District Court for the Southern District of New York issued an order compelling the Company's attorneys to produce certain attorney-client communications between the attorneys and the Owner. The district court held that the crime-fraud exception to the attorney-client privilege applied to their communications relating to a tax protest because there was probable

cause to believe that the Owner was using the lawyers to further his fraudulent scheme. The Company appeals. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

First, we consider the issue of subject matter jurisdiction. Our Circuit has not yet determined how *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009), affects our jurisdiction under the *Perlman* doctrine to hear a *non-party's* appeal of a non-final order compelling disclosure of communications protected by the attorney-client privilege in the context of an ongoing grand jury proceeding. *See Perlman v. United States*, 247 U.S. 7, 13, 38 S.Ct. 417, 62 L.Ed. 950 (1918) (permitting jurisdiction where appellant is "powerless to avert the mischief of the order"). In *Mohawk*, the Supreme Court held that "collateral order appeals are not necessary to ensure effective review of orders adverse to the attorney-client privilege" because "postjudgment appeals generally suffice to protect the vitality of the attorney-client privilege." 558 U.S. at 108–09, 130 S.Ct. 599. Several courts have noted tension between *Perlman* and *Mohawk*. *See, e.g., In re Naranjo*, 768 F.3d 332, 343 n. 14 (4th Cir.2014); *United States v. Punn*, 737 F.3d 1, 11 n. 8 (2d Cir.2013); *United States v. Copar Pumice Co.*, 714 F.3d 1197, 1207–08 (10th Cir.2013). Several of our sister Circuits, meanwhile, conclude that *Perlman* may continue to permit non-party privilege holders to appeal in particular circumstances. *See, e.g., Doe No. 1 v. United States*, 749 F.3d 999, 1005–07 (11th Cir.2014); *In re Grand Jury*, 705 F.3d 133, 145–46 (3d Cir.2012); *Holt–Orsted v. City of Dickson*, 641 F.3d 230, 239 (6th Cir.2011); *United States v. Krane*, 625 F.3d 568, 573 (9th Cir.2010). We need not decide whether *Perlman* would apply in the circumstances of this case, however, because the only restric-

tion on jurisdiction here is a statutory and not a constitutional one, *see* 28 U.S.C. § 1291, and "the Supreme Court has barred the assumption of 'hypothetical jurisdiction' only where the potential lack of jurisdiction is a constitutional question." *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 816 n. 11 (2d Cir.2000) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). As both sides urge us to reach the merits and it would be more efficient for us to do so, we assume we have jurisdiction to hear this appeal.

Second, as to the merits, we review the district court's determination that the crime-fraud exception applies for clear error. *United States v. Jacobs*, 117 F.3d 82, 87 (2d Cir.1997), *abrogated on other grounds by Loughrin v. United States*, —— U.S. ——, 134 S.Ct. 2384, 189 L.Ed.2d 411 (2014). The crime-fraud exception removes the protection of the attorney-client privilege from "client communications in furtherance of contemplated or ongoing criminal or fraudulent conduct." *In re John Doe, Inc.*, 13 F.3d 633, 636 (2d Cir. 1994) (quoting *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1038 (2d Cir.1984)). A party wishing to invoke the exception must prove (1) "that the client communication or attorney work product in question was *itself* in furtherance of the crime or fraud" and (2) "probable cause to believe that the particular communication with counsel or attorney work product was *intended* in some way to facilitate or to conceal the criminal activity." *In re Richard Roe, Inc.*, 168 F.3d 69, 71 (2d Cir.1999) (internal quotation marks omitted). But "[w]here the very act of litigating is alleged as being in furtherance of a fraud," we adopt a more stringent probable cause standard, that is, "the party seeking disclosure ... must

show probable cause that the litigation or an aspect thereof had little or no legal or factual basis and was carried on substantially for the purpose of furthering the crime or fraud." *Id.*

Even assuming, as the district court did, that the heightened probable cause standard applies to communications made in tax protests, we find no error. Based on the facts before it, the district court did not clearly err in finding that there was probable cause to conclude that the tax protest was based on a false, undocumented transaction and that the Owner engaged in the tax protest as part of a strategy to further conceal that tax fraud and shirk his tax liabilities. The district court conducted an *in camera* review of the privileged communications at issue and concluded that those communications supported its determination that the crime-fraud exception applied. We have examined those privileged communications, the facts in the record, and the parties' *ex parte* submissions, and hold that the district court did not clearly err.

We have reviewed the Company's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the order of the district court. Because the grand jury investigation is still ongoing, the mandate shall issue forthwith.