15-1976
*In re: Grand Jury Subpoenas Dated March 2, 2015*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand fifteen.

PRESENT: ROBERT D. SACK,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
*Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

IN RE: GRAND JURY SUBPOENAS DATED
MARCH 2, 2015                                                    15-1976

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR INTERVENOR-APPELLANT:    BRIAN D. LINDER, Clayman & Rosenberg LLP, New York, New York.

FOR APPELLEE:    STANLEY J. OKULA, JR., Michael A. Levy, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Intervenor-appellant is an investment company (the "Company") whose president and owner (the "Owner") is the subject of an ongoing grand jury investigation into tax fraud.  On June 5, 2015, the United States District Court for the Southern District of New York issued an order compelling the Company's attorneys to produce certain attorney-client communications between the attorneys and the Owner.  The district court held that the crime-fraud exception to the attorney-client privilege applied to their communications relating to a tax protest because there was probable cause to believe that the Owner was using the lawyers to further his fraudulent scheme.  The Company appeals.  We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

First, we consider the issue of subject matter jurisdiction.  Our Circuit has not yet determined how *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100 (2009), affects our jurisdiction under the *Perlman* doctrine to hear a *non-party's* appeal of a non-final order compelling disclosure of communications protected by the attorney-client privilege in the context of an ongoing grand jury proceeding.  *See Perlman v. United States*, 247 U.S. 7, 13 (1918) (permitting jurisdiction where appellant is "powerless to

avert the mischief of the order").  In *Mohawk*, the Supreme Court held that "collateral

order appeals are not necessary to ensure effective review of orders adverse to the

attorney-client privilege" because "postjudgment appeals generally suffice to protect the

vitality of the attorney-client privilege."  558 U.S. at 108-09.  Several courts have noted

tension between *Perlman* and *Mohawk*.  *See, e.g.*, *In re Naranjo*, 768 F.3d 332, 343 n.14 (4th

Cir. 2014); *United States v. Punn*, 737 F.3d 1, 11 n.8 (2d Cir. 2013); *United States v. Copar

Pumice Co.*, 714 F.3d 1197, 1207-08 (10th Cir. 2013).  Several of our sister Circuits,

meanwhile, conclude that *Perlman* may continue to permit non-party privilege holders

to appeal in particular circumstances.  *See, e.g.*, *Doe No. 1 v. United States*, 749 F.3d 999,

1005-07 (11th Cir. 2014); *In re Grand Jury*, 705 F.3d 133, 145-46 (3d Cir. 2012); *Holt-Orsted

v. City of Dickson*, 641 F.3d 230, 239 (6th Cir. 2011); *United States v. Krane*, 625 F.3d 568,

573 (9th Cir. 2010).  We need not decide whether *Perlman* would apply in the

circumstances of this case, however, because the only restriction on jurisdiction here is a

statutory and not a constitutional one, *see* 28 U.S.C. § 1291, and "the Supreme Court has

barred the assumption of 'hypothetical jurisdiction' only where the potential lack of

jurisdiction is a constitutional question."  *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804,

816 n.11 (2d Cir. 2000) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94

(1998)).  As both sides urge us to reach the merits and it would be more efficient for us

to do so, we assume we have jurisdiction to hear this appeal.

Second, as to the merits, we review the district court's determination that the crime-fraud exception applies for clear error. *United States v. Jacobs*, 117 F.3d 82, 87 (2d Cir. 1997), *abrogated on other grounds by Loughrin v. United States*, 134 S. Ct. 2384 (2014). The crime-fraud exception removes the protection of the attorney-client privilege from "client communications in furtherance of contemplated or ongoing criminal or fraudulent conduct." *In re John Doe, Inc.*, 13 F.3d 633, 636 (2d Cir. 1994) (quoting *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1038 (2d Cir. 1984)). A party wishing to invoke the exception must prove (1) "that the client communication or attorney work product in question was *itself* in furtherance of the crime or fraud" and (2) "probable cause to believe that the particular communication with counsel or attorney work product was *intended* in some way to facilitate or to conceal the criminal activity." *In re Richard Roe, Inc.*, 168 F.3d 69, 71 (2d Cir. 1999) (internal quotation marks omitted). But "[w]here the very act of litigating is alleged as being in furtherance of a fraud," we adopt a more stringent probable cause standard, that is, "the party seeking disclosure . . . must show probable cause that the litigation or an aspect thereof had little or no legal or factual basis and was carried on substantially for the purpose of furthering the crime or fraud." *Id.*

Even assuming, as the district court did, that the heightened probable cause standard applies to communications made in tax protests, we find no error. Based on the facts before it, the district court did not clearly err in finding that there was

probable cause to conclude that the tax protest was based on a false, undocumented transaction and that the Owner engaged in the tax protest as part of a strategy to further conceal that tax fraud and shirk his tax liabilities.  The district court conducted an *in camera* review of the privileged communications at issue and concluded that those communications supported its determination that the crime-fraud exception applied. We have examined those privileged communications, the facts in the record, and the parties' *ex parte* submissions, and hold that the district court did not clearly err.

We have reviewed the Company's remaining arguments and conclude that they are without merit.  Accordingly, we **AFFIRM** the order of the district court. Because the grand jury investigation is still ongoing, the mandate shall issue forthwith.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk