NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: GRAND JURY INVESTIGATION, Central District of California, _____ UNITED STATES OF AMERICA, Plaintiff-Appellee, v. JOHN DOE, Third-party-defendant-Appellant. | No. 18-50119 D.C. No. 2:15-cm-01070-VAP-8 MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted December 7, 2018**
Pasadena, California

Before: WARDLAW and OWENS, Circuit Judges, and DORSEY,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

Third-Party Appellant John Doe appeals from the district court's order authorizing the disclosure of documents that Doe contends are protected by the work-product doctrine ("Relevant Documents"). We "maintain jurisdiction over this interlocutory appeal under the so-called *Perlman* rule," which allows immediate appeal of a discovery order directed at a disinterested third-party custodian. *United States v. Krane*, 625 F.3d 568, 572 (9th Cir. 2010) (citing *Perlman v. United States*, 247 U.S. 7 (1918)). We review de novo the district court's rulings on the scope of the work-product doctrine, and for clear error the related factual findings. *See United States v. Richey*, 632 F.3d 559, 564 (9th Cir. 2011). As the parties are familiar with the facts, we do not recount them here. We affirm.

Doe argues that the district court erred in holding that evidentiary support for a work-product assertion must come only from a supporting declaration, rather than from other competent evidence. Contrary to Doe's contention, the district court did not reject Doe's work-product assertion solely because he failed to provide a declaration. Rather, the district court correctly held that Doe presented *no* evidence—declaration or otherwise—to support his claims.

In addition to failing to provide his own evidence, Doe failed to carry his burden of proof by relying on undisputed evidence submitted by the government. Doe argues that six undisputed facts, which he draws from evidence submitted by

2

the government, prove that Doe's lawyer created the Relevant Documents in anticipation of litigation. To determine whether a document was prepared in anticipation of litigation, we require evidence of "[t]he circumstances surrounding the document's preparation," including "the nature of the document *and* the factual situation of the particular case." *United States v. Torf (In re Grand Jury Subpoena)*, 357 F.3d 900, 908 (9th Cir. 2004) (emphasis in original) (citation omitted). Here, the undisputed facts do not reveal "[t]he circumstances surrounding the [Relevant Documents'] preparation." *Id*. Most importantly, the undisputed facts do not reveal why Doe and his lawyer created the Relevant Documents.

The record only indicates, from the Relevant Documents' actual use, that Doe's attorney created them to support Doe's tax filing, which does not equate to anticipating litigation. *See id*. at 909 ("[T]ax return preparation is a readily separable purpose from litigation preparation and 'using a lawyer in lieu of another form of tax preparer' does nothing to blur that distinction." (citation omitted)). To qualify for work-product protection, Doe had to establish that the Relevant Documents used to prepare the tax return were created "because of" litigation, meaning they "would not have been created in substantially similar form but for the prospect of that litigation." *Id.* at 908 (citation and alteration marks omitted). Doe failed to provide such evidence.

3

Accordingly, the district court properly ordered the disclosure of the Relevant Documents.

**AFFIRMED**.