FILED
United States Court of Appeals
Tenth Circuit

January 25, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

TONIA E. FISHER,

Plaintiff-Appellant,

v.

SOUTHWESTERN BELL
TELEPHONE COMPANY, a foreign
for profit business corporation,

Defendant-Appellee.

No. 09-5046
(D.C. No. 4:07-CV-00433-CVE-FHM)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before **MURPHY**, **McKAY**, and **BALDOCK**, Circuit Judges.

Pro se plaintiff Tonia Fisher sued her former employer, Southwestern Bell

Telephone Company (SWBT), and a holding company, AT&T Inc., asserting

illegal discrimination and retaliation in violation of the Americans with

Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, and Title VII of the Civil

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17. The district court granted summary judgment in favor of SWBT on all claims and dismissed defendant AT&T Inc. for lack of personal jurisdiction. It also denied Ms. Fisher's motion to file additional authorities out of time, motion for leave to file a third amended complaint, and motion to reconsider that issue. Ms. Fisher now appeals these adverse rulings, along with the district court's decisions on discovery matters. We affirm.

Ms. Fisher was employed by SWBT as a Customer Service Technician, responsible for repairing and installing telephone lines and equipment. A requirement for this position is the ability to climb non-step poles, and company policy recommends the use of hooks for this activity. Ms. Fisher took a short-term disability leave from August 2005 through August 2006, then worked under temporary work-related restrictions until October 2006.

After Ms. Fisher's doctor lifted the restrictions, her supervisor told her that she would be required to demonstrate climbing a pole using hooks. Ms. Fisher responded that she had not used hooks in two years and had not used them to perform her job in nine years. In light of this statement, management decided that Ms. Fisher needed to re-take a course called New Employment Safety Training, which would allow her to review the safe method of climbing a pole using hooks. Ms. Fisher, however, felt this type of pole-climbing could be dangerous in her physical condition and unnecessary to the performance of her job. Although she

was informed that her refusal to attend would be considered insubordination, Ms. Fisher did not report to the training class.

At follow-up meetings, Ms. Fisher did not provide any medical information that would have excused her from participating in the training. Instead, she asserted that the requirement was discriminatory and prompted by her internal discrimination complaints: a charge lodged in 2003 while on a three-month period of unpaid suspension, a hotline call made after she was directed to re-training, and a subsequent letter from her attorney. Ms. Fisher claimed her refusal to attend the training amounted to protected opposition to illegal employment discrimination. Ms. Fisher was suspended and then discharged for insubordination.

Ms. Fisher filed this suit, claiming disability and gender discrimination and also retaliation for her earlier complaints. Her ADA claim is based on the theory that SWBT perceived her as having a psychological impairment substantially limiting the major life activities of being emotionally stable, thinking straight, eating, and working. In appealing the district court's disposition of her claims and motions, Ms. Fisher raises several issues, with various subparts.

## 1. Dismissal of AT&T Inc.

AT&T Inc., a Delaware holding company with its principal place of business in Texas, filed a motion to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. The district court granted the motion without

holding an evidentiary hearing. We review this determination de novo, asking whether the plaintiff made a prima facie showing of facts that, if true, support jurisdiction over the defendants. *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007). We accept the plaintiff's allegations as true if uncontradicted by evidence from the defendants, and resolve evidentiary disputes in favor of jurisdiction. *Id*. Oklahoma's long-arm statute authorizes jurisdiction coextensive with the Due Process Clause, so that personal jurisdiction exists if a defendant has minimum contacts with Oklahoma. *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc*., 205 F.3d 1244, 1247 (10th Cir. 2000).

AT&T Inc. presented affidavits declaring that it does not employ anyone in Oklahoma, exercise control over SWBT's operations, conduct business in Oklahoma, or have any specific contact in Oklahoma related to Ms. Fisher's lawsuit. Ms. Fisher's responsive evidence was that she had received a mailing from AT&T Inc. at her Oklahoma home, that AT&T Inc.'s Chief Executive Officer had accepted a speaking engagement in Oklahoma, and that AT&T Inc. and SWBT had submitted a joint application to the Federal Communications Commission. She also asserted that AT&T Inc. had a national presence. The district court determined that Ms. Fisher's evidence was insufficient to demonstrate that AT&T Inc. had purposely directed its activities toward Oklahoma. Therefore, it concluded that Ms. Fisher did not make a prima facie showing that could support the exercise of personal jurisdiction over AT&T Inc.

None of Ms. Fisher's arguments on appeal persuades us to reverse the district court's decision. Moreover, we conclude that the district court did not abuse its broad discretion in denying Ms. Fisher the opportunity to conduct jurisdictional discovery. *Bell Helicopter Textron, Inc. v. HeliQwest Int'l, Ltd.*, 385 F.3d 1291, 1298-99 (10th Cir. 2004).

## 2. Leave to Amend Complaint

About a year after filing her complaint, Ms. Fisher sought leave to file a third amended complaint to add a state-law tort claim. The district court determined that the facts and the law supporting the proposed state-law claim were known to her at the time she filed her initial complaint. It therefore denied the motion to amend due to the lengthy delay without a reason. Later it denied her motion to reconsider, again finding undue delay and also futility.

Whether to permit an untimely amendment is generally a question entrusted to the district court's discretion. *See Miller ex rel. S.M. v. Bd. of Educ. of Albuquerque Pub. Sch.*, 565 F.3d 1232, 1249 (10th Cir. 2009). "An abuse of discretion occurs when a judicial determination is arbitrary, capricious or whimsical. It is not merely an error of law or judgment. . . ." *United States v. Wright*, 826 F.2d 938, 943 (10th Cir. 1987). And "[i]t is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Under the applicable standard, we see no basis for reversing the district court's rulings.

### 3. Discovery Orders and Other Pretrial Rulings

Ms. Fisher challenges the district court's decision to affirm discovery orders entered by magistrate judges. We review discovery rulings for abuse of discretion. *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 647 (10th Cir. 2008).

Ms. Fisher's primary contention is that the district court erred in allowing SWBT access to her psychotherapy records. *Jaffee v. Redmond*, 518 U.S. 1, 12-13 (1996) holds there is a psychotherapist-patient privilege in federal cases. But this "privilege is not absolute." *Doe v. Oberweis Dairy,* 456 F.3d 704, 718 (7th Cir. 2006); *see also Jaffee*, 518 U.S. at 15, n.14 ("Like other testimonial privileges, the patient may of course waive the protection."). "Numerous courts since *Jaffee* have concluded that, similar to attorney-client privilege that can be waived when the client places the attorney's representation at issue, a plaintiff waives the psychotherapist-patient privilege by placing his or her medical condition at issue." *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000) (collecting cases).

We agree with the district court that Ms. Fisher's request for emotional-distress damages placed her psychological state in issue and entitled SWBT to discover her therapy records. We also see no abuse of discretion in the district court's denial of Ms. Fisher's motion for additional discovery, motion for

-6-

disclosure and recusal of SWBT's in-house counsel, motion to strike SWBT's expert report, and motion to supplement her summary-judgment response.

### 4. Summary-Judgment Rulings

We review the district court's summary-judgment rulings de novo, "taking the facts and the reasonable inferences to be drawn from them in the light most favorable to the nonmoving party." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002). Applying the same legal standard as the district court, we will affirm "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Because Ms. Fisher is proceeding pro se, we have construed her briefs liberally and "have tried to discern the kernel of the issues she wishes to present on appeal." *de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007). Nevertheless, "[t]his liberal treatment is not without limits." *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). We do not "take on the responsibility of serving as [her] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus we do not address her inadequate arguments, such as the newly asserted theory that the district court should have applied a mixed-motive analysis to her claims.

**ADA Claim**

To survive summary judgment on her ADA claim that SWBT regarded her as disabled, Ms. Fisher was required to present some evidence showing that SWBT had "mistaken beliefs about [her] abilities." *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1190 (10th Cir. 2007). SWBT must have "mistakenly believe[d] that [she] has a physical impairment that substantially limits one or more major life activities'" or "that an actual, nonlimiting impairment substantially limits one or more major life activities." *Id.* (quotation omitted).

The district court's entry of summary judgment is based on its determination that Ms. Fisher produced no evidence showing that SWBT perceived her as unable to perform any major life activity, including the ability to be emotionally stable, think straight, eat, and work. We agree with the district court's evaluation of the evidence.

On appeal, Ms. Fisher makes two arguments specific to her ADA claim. First, she asserts that the district court failed to view her claim in a broad enough context. It is apparent, however, that the district court reached its conclusion only after reviewing the entire record. Second, Ms. Fisher argues that the district court's ruling did not take into account this court's statement that "an employer who is unable or unwilling to shed his or her stereotypic assumptions based on a faulty or prejudiced perception of an employee's abilities must be prepared to accommodate the artificial limitations created by his or her own faulty

perceptions." *Kelly v. Metallics W.*, 410 F.3d 670, 676 (10th Cir. 2005). This directive, however, has no application here, where there is no indication that SWBT perceived Ms. Fisher as disabled. The district court properly entered summary judgment on the ADA claim.

**Gender-Discrimination and Retaliation Claims**

Applying the burden-shifting scheme of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to SWBT's motion for summary judgment, the district court concluded that Ms. Fisher established prima facie cases of gender discrimination and retaliation. It further decided that SWBT proffered a legitimate, nondiscriminatory reason for the termination--insubordination. Describing the lack of support for Ms. Fisher's allegations and SWBT's evidence that it applied a gender-neutral practice of requiring re-training after a period of absence, the district court determined that Ms. Fisher had not established a genuine issue of material fact on whether SWBT's proffered reason was pretextual. Accordingly, it concluded that SWBT was entitled to summary judgment.

Thus, the sole question on appeal is whether Ms. Fisher submitted sufficient evidence of pretext to defeat the motion for summary judgment. To do so, Ms. Fisher was required to produce evidence that SWBT's non-discriminatory reason is "unworthy of belief." *Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir. 1995). This burden can be met with "evidence of such weaknesses,

implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1203 (10th Cir. 2006) (quotation omitted). We examine "the facts as they appear to the person making the decision to terminate plaintiff." *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1231 (10th Cir. 2000).

In this court, Ms. Fisher repeats her accusations of discrimination and retaliation. "Unsupported conclusory allegations, however, do not create an issue of fact." *Finstuen v. Crutcher*, 496 F.3d 1139, 1144 (10th Cir. 2007) (quotation omitted). Nothing in the record suggests that Ms. Fisher can establish pretext. The district court properly granted summary judgment on Ms. Fisher's gender-discrimination and retaliation claims.

## 5. Denial of Postjudgment Relief

Finally, Ms. Fisher asserts that the district court erred in denying her motion for reconsideration of the district court's summary-judgment decision, repeating her earlier arguments. We review this decision for an abuse of discretion. *See Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009). Thus, such "relief is appropriate only where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* (quotation omitted). "[B]ecause we are affirming the district court's grant of

summary judgment under the broader de novo standard, we do not find that the district court abused its discretion in denying the . . . motion for reconsideration." *Id.*

SWBC's motion to strike attachments to Ms. Fisher's reply brief, which are not part of the record on appeal, is GRANTED. Ms. Fisher's motion to take judicial notice of these attachments is DENIED. The judgment of the district court is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge