*Rosner v. United States*

# United States Court of Appeals
# For the Second Circuit

August Term 2019

Submitted:  April 21, 2020
Decided:  May 8, 2020

No. 19-687

JOSHUA ROSNER,

*Plaintiff-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of New York
No. 16-cv-7256, John G. Koeltl, *Judge.*

Before:     WINTER, WESLEY, AND SULLIVAN, *Circuit Judges*.

Plaintiff-Appellant Joshua Rosner appeals from a non-final order of the United States District Court for the Southern District of New York (Koeltl, *J.*)

finding that Rosner had waived his psychotherapist-patient privilege by putting his mental health at issue in the litigation. Because Rosner is a party to this action, we find that his right to a post-judgment appeal, along with various other potential avenues for review, suffices to protect the vitality of the asserted privilege. Accordingly, Rosner's interlocutory appeal falls within neither the collateral order doctrine nor the exception to finality created by *Perlman v. United States*, and we dismiss for lack of jurisdiction.

DISMISSED.

> Joshua Rosner, pro se, New York, NY.
>
> Charles S. Jacob, Benjamin H. Torrance, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY, *for Defendant-Appellee* United States of America.

PER CURIAM.

This case requires us to determine whether a party to a litigation may immediately appeal a non-final disclosure order adverse to his psychotherapist-patient privilege. Because the availability of a post-judgment appeal, along with various other potential avenues for review, suffices to protect the litigant's rights and ensures the vitality of the privilege, we conclude that such an order falls within neither the collateral order doctrine nor the exception to finality created by

*Perlman v. United States*, 247 U.S. 7 (1918). Accordingly, we dismiss this interlocutory appeal for lack of jurisdiction.

## I. Background

Plaintiff-Appellant Joshua Rosner, *pro se*, sued the United States in 2016, challenging an Internal Revenue Service ("IRS") determination that he was not entitled to a refund for tax years 2006 and 2008. Although Rosner did not seek a refund for either year until 2013 – more than three years after he filed his tax returns – he argued that his claims were timely because the three-year lookback period under 26 U.S.C. § 6511(b)(2)(A) had been suspended as he was "unable to manage [his] financial affairs due to disability" during that time. 26 U.S.C. § 6511(h). For support, Rosner submitted letters from his psychologist and psychiatrist stating that he has suffered from post-traumatic stress disorder and other conditions since 2001. The IRS rejected his claims as untimely, and Rosner sued.

During discovery, the government sought records and deposition testimony from the two therapists who submitted letters on Rosner's behalf. Rosner objected to these requests, asserting a psychotherapist-patient privilege. In March 2019, the district court (Koeltl, *J.*) overruled Rosner's objection, finding that Rosner had

waived his privilege by placing his mental health at issue in the lawsuit. Rosner filed an interlocutory appeal.

## II. Discussion

We have jurisdiction over "final decisions of the district courts." 28 U.S.C. § 1291. "Thus, our jurisdiction ordinarily depends on the existence of a decision by the [d]istrict [c]ourt that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 35 (2d Cir. 2014) (internal quotation marks omitted).

Here, the district court's disclosure order is non-final and thus not immediately appealable unless it falls within one of the narrow exceptions to § 1291. One such exception is the collateral order doctrine, under which a party may immediately appeal an order that "(1) conclusively determine[s] the disputed question, (2) resolve[s] an important issue completely separate from the merits of the action, and (3) [is] effectively unreviewable on appeal from a final judgment." *United States v. Punn*, 737 F.3d 1, 5 (2d Cir. 2013) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 522 (1988)).

In *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 103 (2009), the Supreme Court held that disclosure orders adverse to the attorney-client privilege do not

4

fall within the collateral order doctrine. We have since extended *Mohawk* to other common-law evidentiary privileges and statutory privacy rights. *See, e.g., SEC v. Rajaratnam*, 622 F.3d 159, 167–68 (2d Cir. 2010) (applying *Mohawk* to the privacy right derived from Title III of the Omnibus Crime Control and Safe Streets Act of 1968); *In re City of New York*, 607 F.3d 923, 928, 933 (2d Cir. 2010) (applying *Mohawk* to the "law enforcement privilege").

We see no reason to apply a different rule to the psychotherapist-patient privilege. *See Jaffee v. Redmond*, 518 U.S. 1, 10 (1996) (acknowledging that both privileges are rooted in the same "imperative need for confidence and trust" (internal quotation marks omitted)). For both the attorney-client privilege and the psychotherapist-patient privilege, "postjudgment appeals generally suffice to protect the rights of litigants and ensure the vitality of the . . . privilege" because "[a]ppellate courts can remedy the improper disclosure of privileged material in the same way they remedy a host of other erroneous evidentiary rulings: by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence." *See Mohawk*, 558 U.S. at 109.

There may be rare instances where the wrongful disclosure of a psychotherapist-patient communication cannot be fully redressed by after-the-fact court action. *See Jaffee*, 518 U.S. at 10 (noting that the disclosure of certain confidential communications may cause "embarrassment or disgrace" to the patient). But simply because "a fraction of orders adverse to the . . . privilege may nevertheless harm individual litigants in ways that are only imperfectly reparable does not justify making all such orders immediately appealable as of right under § 1291." *Mohawk*, 558 U.S. at 112 (internal quotation marks omitted); *see also Punn*, 737 F.3d at 5 (stating that the lack of a perfect remedy on appeal does not render an order "effectively unreviewable" (internal quotation marks omitted)). And as with the attorney-client privilege, "protective orders are available to limit the spillover effects of disclosing sensitive" or potentially embarrassing information. *Mohawk*, 558 U.S. at 112.

For similar reasons, Rosner's reliance on the century-old case of *Perlman v. United States* is misplaced. In that case, the Supreme Court held that Perlman, who was the subject of a grand jury investigation, could immediately appeal the district court's refusal to issue an order restraining the government from using documents that, although owned by Perlman, were in the clerk of court's possession. *See* 247

6

U.S. at 8–13.  The Supreme Court reasoned that a contrary holding would render

Perlman "powerless to avert the mischief" caused by the documents' production.

*Id.* at 13; *see also Punn*, 737 F.3d at 6.

We have since interpreted *Perlman* as creating an exception to § 1291,

whereby the holder of a privilege may immediately appeal the enforcement of a

subpoena that is directed at another person who does not object to providing the

records or testimony at issue.  *Punn*, 737 F.3d at 6.  "The [exception] is justified by

the fact that a subpoenaed party is unlikely to risk contempt in order to protect a

privilege that is not his own," and "is available only in the limited class of cases

where denial of immediate review would render impossible any review

whatsoever of an individual's claims."  *Id.* (alterations and internal quotation

marks omitted).

Since *Mohawk,* several circuits have concluded that the *Perlman* exception is

unavailable if the privilege holder is a party to the litigation in which the subpoena

was issued – even if the subpoena was issued to a third party – because the

privilege holder may seek recourse through a post-judgment appeal.  *See, e.g.,*

*Natural-Immunogenics Corp. v. Ferrell*, 766 F. App'x 435, 437 (9th Cir. 2019) ("[A]fter

*Mohawk*, the *Perlman* exception confers jurisdiction only where neither the

privilege holder nor the communications' custodian is a party to the litigation.");

*Drummond Co. v. Terrance P. Collingsworth, Conrad & Scherer, LLP*, 816 F.3d 1319, 1324 (11th Cir. 2016) ("Collingsworth is a party to the litigation and will have an opportunity to challenge the disclosure order after final judgment."); *United States v. Copar Pumice Co.*, 714 F.3d 1197, 1208 (10th Cir. 2013) (stating that a privilege holder's reliance on *Perlman* in "a civil action where [he] is a party[] is greatly undermined, if not entirely foreclosed, by *Mohawk*"); *Holt-Orsted v. City of Dickson*, 641 F.3d 230, 238 (6th Cir. 2011) ("[W]here the privilege holder is a party to the litigation with recourse in a post-judgment appeal . . . *Perlman* no longer affords jurisdiction to hear this interlocutory appeal."); *Wilson v. O'Brien*, 621 F.3d 641, 643 (7th Cir. 2010) ("Only when the person who asserts a privilege is a non-litigant will an appeal from the final decision be inadequate."). We agree with the reasoning in these cases and find that the *Perlman* exception does not apply where, as here, the disclosure order was issued in a litigation to which the privilege holder is a party.[1] Rosner is not "powerless to avert the mischief" of the district court's order. *Perlman*, 247 U.S. at 12–13. He has available to him "several potential avenues of review," including mandamus and certification under 28 U.S.C. § 1292(b), in

---

[1] We express no opinion on whether the same reasoning would apply in the context of a grand jury subpoena. *See Punn*, 737 F.3d at 11 n.8.

addition to appellate review following a final judgment. *See Mohawk*, 558 U.S. at 109–11.

Rosner raises two other jurisdictional arguments, both of which are meritless. First, he argues that "the denial of a motion to quash a subpoena" is immediately appealable. Rosner's Br. at 7 (internal quotation marks and emphasis omitted). But where a motion to quash is based on a privilege assertion by a party to the litigation, *Mohawk* forecloses its immediate review for the reasons already discussed. Second, Rosner argues that this Court is empowered to assume jurisdiction "to avoid piecemeal litigation by resolving all issues arising out of the same set of operative facts." *Id.* at 12. But he relies on *Nixon v. Sirica*, which addresses mandamus jurisdiction, something that is not at issue here. *See* 487 F.2d 700, 708 (D.C. Cir. 1973).

As a result, the district court's order does not fall within any exception to § 1291, and we therefore lack jurisdiction over this appeal.

## III. Conclusion

Accordingly, the appeal is **DISMISSED** for lack of jurisdiction. Rosner's pending motion to deny the government's request for oral argument is **DENIED** as moot.