20-613, 19-3940
Main Street America v. Savalle

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**S U M M A R Y   O R D E R**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of February, two thousand twenty-one.

Present:     AMALYA L. KEARSE,
             GUIDO CALABRESI,
             SUSAN L. CARNEY,
                                    *Circuit Judges*.
_____

Main Street America Assurance Company,

                                    *Plaintiff-Appellee*,

                        - v. -                    Nos. 20-613, 19-3940

Vincent Savalle,
                                    *Defendant-Appellant*,

Lee Winakor,
                                    *Defendant*.
_____

For Plaintiff-Appellee      Kelly E. Petter, Hassett & Donnelly, Hartford, CT.

For Defendant-Appellant      James H. Lee, Fairfield, CT.

For Defendant      Paul M. Geraghty, Geraghty & Bonnano, New London, CT.

Appeal from an order of the United States District Court for the District of Connecticut (Hall, *J.*, Merriam, *M.J.*).

Upon due consideration, it is hereby ORDERED that the appeal is DISMISSED; the mandamus petition that was originally filed and dismissed is REINSTATED but is DENIED; the stay of proceedings in the district court is LIFTED.

Defendant Vincent Savalle originally sought a writ of mandamus to overturn a November 5, 2019 order of the United States District Court for the District of Connecticut denying his motion to quash a September 4, 2019 subpoena served by his insurer, plaintiff Main Street America Assurance Company ("Main Street"), on a nonparty witness to the extent that the subpoena called for production of information and materials as to which Savalle asserted attorney-client-privilege confidentiality. We proceeded to treat the mandamus petition as an appeal and sought further briefing, *see In re Vincent Savalle*, No. 19-3940 (2d Cir. Feb. 18, 2020) ("*Savalle I*"), because, under our case law at the time, the denial of such a motion to quash was immediately appealable under the collateral order doctrine, *see*, *e.g.*, *In re Grand Jury Proceedings*, 219 F.3d 175, 182 n.3 (2d Cir. 2000); *In re Katz*, 623 F.2d 122, 124-25 (2d Cir. 1980), which made mandamus an inappropriate remedy, *see*, *e.g.*, *Helstoski v. Meanor*, 442 U.S. 500, 505-06 (1979). After we issued our *Savalle I* order, but before the matter could be resolved, this Court ruled in another case that a party cannot immediately appeal the denial of a motion to quash a subpoena that calls for the production of information from a nonparty witness based on the party's assertion of privilege. *See Rosner v. United States*, 958 F.3d 163, 165 (2d Cir. 2020). As the *Rosner* decision has become the law of this Circuit, we dismiss the appeal in the present matter for lack of appellate jurisdiction; and we reinstate Savalle's petition

for a writ of mandamus. *See, e.g., Kensington International Ltd. v. Republic of Congo*, 461 F.3d 238, 242 (2d Cir. 2006).

To the extent pertinent to the petition, Main Street is suing Savalle for a declaratory judgment asserting that it has no duty to defend Savalle against claims for allegedly defective construction work brought by his customer, defendant Lee Winakor, or to indemnify Savalle if the defense is unsuccessful, arguing in part that Savalle failed to give Main Street timely notice of Winakor's claims as required by the policy. Savalle asserts that Main Street was timely informed of Winakor's claims on Savalle's behalf by one Terri Davis. During discovery, Main Street subpoenaed Davis for, *inter alia*, all communications relating to Winakor's suit, including email communications between Davis and Savalle's attorneys. Savalle moved to quash the subpoena, stating that he personally does not use electronic mail or a computer, and that Davis was his agent for electronic communications. Savalle thus asserted that the hundreds of emails exchanged between his attorneys and Davis are protected by his attorney-client privilege. Rejecting Savalle's arguments, the district court found that Savalle had not adduced sufficient evidence about Davis's role or the contents of the communications to demonstrate that attorney-client privilege should apply. Savalle then sought mandamus review.

The writ of mandamus is a "'drastic and extraordinary remedy,'" *In re Roman Catholic Diocese of Albany, New York, Inc.*, 745 F.3d 30, 35 (2d Cir. 2014) (quoting *Cheney v. U.S. District Court for District of Columbia*, 542 U.S. 367, 380 (2004)), which is granted "only in 'exceptional circumstances amounting to a judicial usurpation of power, or a clear abuse of discretion,'" *SEC v. Rajaratnam*, 622 F.3d 159, 169 (2d Cir. 2010) (quoting *Cheney*, 542 U.S. at 380). We will not grant mandamus to overturn pretrial

3

discovery orders unless the "discovery question is of extraordinary significance or there is extreme need for reversal of the district court's mandate before the case goes to judgment." *In re SEC ex rel. Glotzer*, 374 F.3d 184, 187 (2d Cir. 2004) (internal quotation marks omitted). To obtain mandamus relief from a discovery order that involves privilege, a party must show that "(i) the petition raises an issue of importance and of first impression; (ii) the [party's] privilege will be lost if review must await final judgment; and (iii) immediate resolution will avoid the development of discovery practices or doctrine undermining the privilege." *In re Sims*, 534 F.3d 117, 128-29 (2d Cir. 2008) (internal quotation marks omitted). "The second factor--loss of the petitioner's privilege if review must await final judgment--is normally present when the privilege is meant to protect the confidentiality of a communication" because "a remedy after final judgment cannot unsay the confidential information that has been revealed," *id.* at 129 (internal quotation marks omitted); but that factor alone cannot be dispositive.

In the present case, while a remedy after final judgment could not undo the disclosure of such confidential information in response to Main Street's subpoena, Savalle has not demonstrated exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion. Nor has he shown that the district court's decision raises a novel, important issue or that mandamus is needed to avoid the development of detrimental discovery practices.

4

We have considered all of Savalle's arguments challenging the district court's order and have found them insufficient to meet the exacting standards for the issuance of a writ of mandamus.  For the foregoing reasons, the appeal is dismissed, and the petition for a writ of mandamus is denied.


                                        FOR THE COURT:
                                        CATHERINE O'HAGAN WOLFE, Clerk of Court