22-2967-cv
*Friedman v. Bloomberg, L.P.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand twenty-four.

PRESENT:
>ROBERT D. SACK,
>DENNY CHIN,
>JOSEPH F. BIANCO,
>>*Circuit Judges*.

_____

DAN FRIEDMAN,

>*Plaintiff-Appellant*,

>v.                                                                    22-2967-cv

BLOOMBERG, L.P., CHRISTOPHER DOLMETSCH, ERIK LARSEN, MICHAEL HYTHA, ANDREW DUNN,

>*Defendants-Appellees*,

MILLTOWN PARTNERS, PATRICK HARVERSEN, D.J. COLLINS, OLIVER RICKMAN, PALLADYNE INTERNATIONAL ASSET MANAGEMENT B.V., ISMAEL ABUDHER, LILY YEO,

>*Defendants*.

FOR PLAINTIFF-APPELLANT: Alan H. Kaufman, Kaufman PLLC, New York, New York.

FOR DEFENDANTS-APPELLEES: Eric J. Feder (Laura R. Handman, *on the brief*), Davis Wright Tremaine LLP, Washington, District of Columbia.

Appeal from a judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on October 18, 2022, is **AFFIRMED.**

Plaintiff-Appellant Dan Friedman appeals from a judgment in favor of Defendants-Appellees Bloomberg, L.P., Christopher Dolmetsch, Erik Larsen, Michael Hytha, and Andrew Dunn (collectively, "Bloomberg"), dismissing Friedman's case with prejudice under Federal Rule of Civil Procedure 41(b) for failure to comply with the court's orders. Friedman challenges the dismissal, certain sanctions he was ordered to pay prior to the case's dismissal, and an interlocutory order issued by the court pursuant to Federal Rule of Civil Procedure 37. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

In 2011, Friedman accepted a job offer from Palladyne International Asset Management B.V. ("Palladyne"), to work in a senior position. He worked there for several months until his employment was terminated days after the conclusion of his statutorily-required probationary period. In March 2014, Friedman sued Palladyne for fraudulent inducement, alleging that the firm was a front to launder money stolen from the Libyan government during the Ghaddafi regime. The

2

district court ultimately dismissed that case on *forum non conveniens* grounds, *see Friedman v. SThree PLC*, No. 3:14-cv-378, 2018 WL 5993921, at *9 (D. Conn. Sept. 28, 2018), and this Court affirmed, *see Friedman v. Radujko*, 854 F. App'x 390, 391–93 (2d Cir. 2021) (summary order). We also affirmed sanctions imposed by the district court jointly and severally against Friedman and his counsel, Alan Kaufman, based on the magistrate judge's finding that Friedman "fail[ed] to meet his discovery obligations, fail[ed] to comply with the Court's Orders, and fail[ed] to simply make a concerted effort to obtain and disclose responsive documents," *Friedman v. SThree PLC.*, No. 3:14-CV-378 (AWT), 2016 WL 7374546, at *7 (D. Conn. Oct. 24, 2016), which included daily fines that had accumulated when Friedman continued to not comply with direct orders (the "Palladyne Sanctions"). *Friedman v. Radujko,* 854 F. App'x at 393–94.

When Friedman initiated the Palladyne lawsuit, Bloomberg published an article about the case on its website and included a quote from a former Palladyne official, stating that Friedman had been terminated for "repeatedly tr[ying] to extort money" from the company. App'x at 31. In March 2015, Friedman brought the instant defamation lawsuit, claiming, *inter alia*, that Bloomberg's characterization of him, through its inclusion of this quote, caused him severe career damage, making him unable to find work in the financial services sector.

Over the next several years, in the discovery phase of the instant lawsuit, Friedman again failed to comply with a series of court orders and was sanctioned—including monetarily—for his non-compliance. Much of the non-compliance stemmed from a discovery request to Friedman from the defendants seeking communications that he and/or his counsel had with journalists regarding the allegations in the Palladyne case, which defendants believed might show that Friedman (personally or through counsel) actively solicited press coverage of the case (the "Media

3

Communications Documents") and thus would make him a limited-purpose public figure for purposes of a defamation claim.

That non-compliance included a failure to pay $42,971 in attorneys' fees and costs that the district court had awarded to Bloomberg for the motion practice necessitated by his non-compliance (the "First Fees Award"). *See Friedman v. Bloomberg, L.P.*, No. 3:15-CV-443 (AWT), 2022 WL 2906753, at *4 (D. Conn. July 22, 2022). Moreover, after Friedman failed to comply with a second discovery order requiring production of the Media Communications, the district court granted an unopposed sanctions motion by Bloomberg under Rule 37, deeming established the facts that could substantiate that Friedman was a limited-purpose public figure, thus precluding him from contesting that designation at trial (the "Uncontested Facts Order"). During this extended period of non-compliance with various orders, Friedman belatedly sought and received numerous extensions of time for various court deadlines and then, in many instances, failed to meet the new deadlines.

After Friedman's continued failure to pay the Palladyne Sanctions and the First Fees Award, the district court issued two orders on July 22, 2022. The first order (the "Failure to Prosecute Order") addressed Friedman's failure to prosecute the present action following the district court's March 3, 2022 lockout order (the "Lockout Order") under Local Rule 16(g)(2) which prohibited Friedman and Kaufman from filing documents in any case in the district court until the Palladyne Sanctions had been paid. The district court ordered that, if Friedman or Kaufman did not file notice that the Palladyne Sanctions had been paid by September 5, 2022, "the Clerk shall enter an order giving notice of proposed dismissal," and that, if Friedman and Kaufman did not comply with the September 5 deadline and did not provide a "satisfactory explanation" for

4

Friedman's conduct within twenty-one days of that deadline, "the Clerk shall enter an order of dismissal." App'x at 332–33.

The second order (the "Warning Order") issued on July 22, 2022 granted Bloomberg's motion to compel Friedman to comply with a prior order requiring him to pay the fees and costs that had been awarded to Bloomberg. The Warning Order detailed Friedman's "pattern of simply disregarding court orders" and, given that history and an application of the relevant Second Circuit legal standard, the district court determined that "in the event the plaintiff fails to comply with [the] order, further sanctions are necessary," and "the only sanction that would be effective would be dismissal of the plaintiff's case with prejudice" under Rule 41(b) for failure to comply with a court order. App'x at 324, 328. The district court thereby, *inter alia*, ordered Friedman to comply with the Warning Order and pay the outstanding attorneys' fees and costs sanction in this case by August 12, 2022, warning that, "if the plaintiff fails to timely comply with this order, the defendants may file a motion to dismiss this case with prejudice, and it will be granted immediately." App'x at 330–31. The district court also noted that it was simultaneously entering the Failure to Prosecute Order and emphasized that "[c]ompliance with this order does not excuse compliance with [the Failure to Prosecute Order], so to proceed with this case, the plaintiff will have to comply with both orders." *Id*. The district court also awarded additional attorneys' fees and costs for Bloomberg's motion to compel Friedman to comply with the fees order (the "Second Fees Award").

Nevertheless, Friedman failed to comply with either order in a timely fashion. By the September 5 deadline set in the Failure to Prosecute Order, Friedman had not provided notice that he had paid the Palladyne Sanctions, nor did he provide any explanation thereafter for his failure

5

to do so. Similarly, he had not paid the outstanding attorneys' fees and costs sanction by the August 12 deadline set in the Warning Order, and again did not provide an explanation for his failure to comply. Therefore, on September 8, 2022, the Clerk issued a notice of proposed dismissal pursuant to Local Rule 41(a), stating: "Because the plaintiff has failed to file a notice that the sanctions entered in [the Palladyne Case] have been paid in full by September 5, 2022, as required by the [Failure to Prosecute Order], this case is subject to being dismissed under this rule. Unless satisfactory explanation of why it should not be dismissed is submitted to the Court by September 29, 2022, it shall be dismissed." App'x at 24.

On September 25, 2022, Friedman requested that the district court "extend [to October 13, 2022] the time for him to complete the payment of sanctions and resume prosecution of this matter" due to his counsel's obligations in other matters. App'x at 345. The district court denied the request, noting Friedman "ha[d] not provided the court with a satisfactory explanation of why, over the past two months, the plaintiff ha[d] not paid the attorney's fees required by the [Warning Order], nor ha[d] he explained why he did not move for an extension of time to comply with that order," and that, "[i]n addition, the plaintiff ha[d] not provided the court with a satisfactory explanation of why, since October 2021, the plaintiff ha[d] not paid the sanctions entered in [the Palladyne Case] or why the plaintiff did not file a notice by September 5, 2022 that these sanctions were paid in full, as required by the court's [Failure to Prosecute Order]." App'x at 24.

On September 29, 2022, Friedman filed a "Certification of Compliance" stating that he had paid the Palladyne Sanctions in full. In that submission, however, he offered no explanation for why he waited nearly one year after the mandate had been issued to pay that sanction, nor did he

explain why he did not make payment by September 5, 2022, as directed by the district court. He also did not address his failure to comply with the Warning Order.

On September 30, 2022, Bloomberg filed a motion to dismiss the case with prejudice, pursuant to Rule 41(b), for failure to comply with the court's orders, up to and including the Warning Order. On October 13, 2022, the district court issued an order dismissing the case with prejudice. In doing so, the district court incorporated by reference its summary of Friedman's non-compliance as set forth in the Warning Order, and noted that Friedman was still in non-compliance with the Warning Order, without explanation. The district court further noted that, although Friedman had paid the Palladyne Sanctions, he failed to provide the required explanation for his failure to comply by September 5, 2022. The district court then entered judgment accordingly.

## DISCUSSION

On appeal, Friedman challenges: (1) the dismissal of his case under Rule 41(b); (2) the First and Second Fees Awards; and (3) the Uncontested Facts Order. We review each issue in turn.

### I. Dismissal under Rule 41(b)

Friedman argues that the district court's dismissal of the case with prejudice was an abuse of discretion and a denial of due process. We disagree.

We review a Rule 41(b) dismissal for violations of the court's orders under an abuse-of-discretion standard. *See Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009). Although this review is deferential, we recognize that dismissal under Rule 41(b) is the "harshest of sanctions" and is to be used "only in extreme situations." *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014) (per curiam) (internal quotation marks and citations omitted). Thus, when reviewing a district court's

decision to dismiss a case for a failure to prosecute or to comply with court orders, we consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant [wa]s likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . . , and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Alvarez v. Simmons Mkt. Rsch. Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) (internal quotation marks and citation omitted). As set forth below, we conclude that the district court carefully considered these factors and did not abuse its discretion in determining that dismissal of the case with prejudice was appropriate in light of the record as a whole.

First, as summarized *supra*, Friedman's inexcusable non-compliance with court orders was blatant and persisted for several years. That pattern of non-compliance included, *inter alia*, a failure to comply with: (1) the May 3, 2019 order directing him to submit the Media Communications Documents for *in camera* inspection by May 17, 2019; (2) the August 30, 2019 order granting Bloomberg's motion to compel the production of some of the Media Communication Documents; (3) the September 14, 2020 order directing him again to produce the documents that were the subject of the prior order, with a finding by the district court that his non-compliance was intentional and not in good faith (the "Renewed Production Order"); (4) the First Fees Award requiring him to pay the $42,971 awarded in attorneys' fees and costs within thirty days of the order; (5) the Failure to Prosecute Order, requiring him to pay the Palladyne Sanctions by September 5, 2022; and (6) the Warning Order, requiring him to pay the First Fees Award by August 12, 2022. Second, Friedman received explicit warnings, including in both the Failure to

Prosecute Order and Warning Order, that failure to comply would result in dismissal. A similar warning—that continued failure to comply *could* result in dismissal—was also given almost two years earlier in the Renewed Production Order, which Friedman also ignored. Third, the district court found that Bloomberg was "likely to be prejudiced by further delay insofar as they have repeatedly incurred additional attorney's fees and costs attempting to secure the plaintiff's compliance with the court's orders despite the fact that there has been 'no justification for the plaintiff's failure to comply.'" App'x at 329–30 (citation omitted); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001) (suggesting increased litigation costs constitute prejudice). Fourth, as to the need to balance court congestion with due process and an opportunity for a litigant to be heard, the district court explained that "the plaintiff ha[d] consistently been given the chance to be heard but ha[d] chosen to 'engage[] in a pattern of simply disregarding court orders and deadlines.'" App'x at 330 (citation omitted). That Friedman had ample opportunity to have his day in court is further evidenced by the more than one dozen extensions granted to him over the course of the litigation. Finally, the district court explained that it had previously imposed sanctions short of dismissal against Friedman—including the imposition of attorneys' fees and the issuance of the Uncontested Facts Order—which had been ineffective at securing full compliance and were unlikely to become effective in the future. In short, on this record, the district court acted well within its discretion in dismissing the case with prejudice.

In reaching this decision, we find entirely unpersuasive Friedman's arguments that the district court committed procedural and substantive errors in dismissing his case. For example, to the extent that he suggests that a hearing was required before dismissal, both the Supreme Court and this Court have rejected that argument. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 632–33

(1962); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). Moreover, although Friedman argues that dismissal was unwarranted because he had paid the Palladyne Sanctions by the point of dismissal, that argument overlooks that he still failed to explain (as the Failure to Prosecute Order required) why he had not made the payment prior to the court deadline, and that he had not paid the First Fees Award as required in the Warnings Order. His belated, partial compliance with the previous orders did not deprive the district court of its discretion to dismiss the case with prejudice based on his continuing non-compliance as to other aspects of the court's orders. *See Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979) (emphasizing that a "plaintiff's hopelessly belated compliance should not be accorded great weight"); *see also Lyell*, 682 F.2d at 42 (explaining that dismissal under Rule 41(b) can be based on "a pattern of dilatory tactics," which could include, for example, "groundless motions, repeated requests for continuances[,] or persistent late filings of court ordered papers"). Similarly, we find unavailing Friedman's suggestion that the Lockout Order prevented his full compliance with the district court's orders, as the Lockout Order did not preclude him from paying the Palladyne Sanctions and Fees Sanction within the timeframe set forth in the Failure to Prosecute and Warning Orders, or from explaining to the district court why payments could not be made in the requisite timeframe.

In sum, we discern no basis to disturb the district court's proper and careful exercise of its discretion, consistent with due process, to dismiss the case based on Friedman's pattern of dilatory tactics and non-compliance with court orders.

## II. The Fees Awards

Friedman challenges the district court's First and Second Fees Award on several grounds: (1) Bloomberg allegedly failed to meet and confer with Friedman, as Friedman contends is prescribed under Local Rule 37(a), before seeking sanctions from the court in its motion seeking an order to show cause; (2) the district court did not consider his financial circumstances in fashioning the sanction; and (3) the district court did not require Bloomberg to justify the fees for out-of-district counsel as required in *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 176 (2d Cir. 2009). We review a district court's award of attorneys' fees for abuse of discretion. *Lilly v. City of New York*, 934 F.3d 222, 227 (2d Cir. 2019).

With respect to Local Rule 37(a), the district court reasonably determined that the rule did not apply to Bloomberg's motion for an order to show cause because it did not present "a set of discovery issues between the parties that they could have made a good faith effort to eliminate or reduce by arriving at a mutually satisfactory resolution." App'x at 117. Instead, the motion involved "the plaintiff's failure to comply with a court order," which was an issue that was to be addressed by the court, rather than through a conferral by the parties. App'x at 117. In short, Local Rule 37(a) provides no basis for Friedman to overturn the First and Second Fees Awards.

With respect to his remaining two challenges, we note that these arguments are raised for the first time on appeal, and thus decline to consider them, particularly "where those arguments were available to [Friedman] below and [he] proffer[s] no reason for [his] failure to raise the arguments below." *United States ex rel. Keshner v. Nursing Pers. Home Care*, 794 F.3d 232, 234–35 (2d Cir. 2015) (citation omitted).

Therefore, we affirm the district court's imposition of the First and Second Fees Awards.

### III. The Uncontested Facts Order

Friedman also challenges the district court's entry of the Uncontested Facts Order, which, as a sanction under Rule 37 for his failure to comply with the Renewed Production Order, precluded him from contesting the facts establishing that he was a limited-purpose public figure.

We conclude that we lack jurisdiction to review this challenge. The Uncontested Facts Order is interlocutory because it did not "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *Rosner v. United States*, 958 F.3d 163, 165 (2d Cir. 2020) (per curiam) (internal quotation marks and citation omitted). As we noted in *Shannon v. General Electric Co.*, 186 F.3d 186, 192 (2d Cir. 1999), "[w]hen a district court enters a final judgment in a case, interlocutory orders rendered in the case typically merge with the judgment for purposes of appellate review." However, no such merger occurs when an action is dismissed, as here, pursuant to Rule 41(b). *Id.*; *see also LeChase Constr. Servs. LLC v. Escobar Constr., Inc.*, No. 21-289, 2022 WL 363948, at *1 (2d Cir. Feb. 8, 2022) (summary order) (holding no merger of interlocutory order following dismissal for failure to comply with discovery obligations under Rule 37(b)). As we explained in *Shannon*, where a plaintiff's case is dismissed under Rule 41(b), "adherence to the merger rule would reward [a plaintiff] for dilatory and bad faith tactics." 186 F.3d at 192 (internal quotation marks, citation, and alterations omitted).

Thus, Friedman's challenge to the Uncontested Facts Order is unreviewable.[1]

\*　　　　\*　　　　\*

---

[1] We note that Friedman also waived any challenge to the Uncontested Facts Order by failing to oppose its entry in the district court. *See Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015) (per curiam).

We have considered Friedman's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.[2]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2]  Friedman has filed a motion to supplement the record on appeal with several additional documents. Because those materials would not alter our reasons for affirmance, we deny that motion as moot.