NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re T.S., by and through his parents, GERMAIN SANCHEZ, JENNIFER SANCHEZ,**
*Petitioners*

---

2025-114

---

On Petition for Writ of Mandamus to the United States Court of Federal Claims in No. 1:11-vv-00685-EDK, Chief Judge Elaine Kaplan.

---

**ON PETITION**

---

Before TARANTO, STOLL, and STARK, *Circuit Judges.*

STARK, *Circuit Judge.*

## O R D E R

In 2022, petitioners were granted entitlement to compensation under the National Childhood Vaccine Injury Act.  But a protracted dispute over whether to now reassess the issue of entitlement based on previously undisclosed medical records has left the claim in limbo.

At present, the Special Master intends to hold a hearing over the failed disclosure and is considering petitioners' request to excuse claimant's mother from testifying, which purportedly will aggravate her mental-health condition.

To assess that request, the Special Master ordered petitioners to turn over the claimant's mother's therapist's treatment records. Arguing that those records are privileged, petitioners seek to challenge that ruling either as a direct appeal or in a petition for mandamus relief.

We hold that petitioners cannot appeal from the interlocutory order of the Special Master. Viewing this as a petition for a writ of mandamus, we conclude that petitioners have not met the demanding standard for relief.

## I.

This is the third time this case, brought by Germain Sanchez and Jennifer Sanchez, on behalf of their son T.S., has been before us. Most recently, this court concluded that petitioners were entitled to compensation under the Vaccine Act on the existing record and remanded to the assigned Special Master of the United States Court of Federal Claims to decide damages.[1]

On remand, petitioners, as part of documenting their expenses, produced medical records that had not been disclosed during the entitlement phase of the case. Arguing that this newly discovered evidence negates the basis on which this court had determined T.S.'s injuries resulted from a vaccination, the government moved to reopen the issue of entitlement to compensation. That motion, filed in August 2023, is still pending before the Special Master.

The Special Master has attempted to schedule a hearing at which Mrs. Sanchez and counsel would be expected to testify why the documents were not previously produced to the government, but that hearing has been delayed. Most relevant here, after petitioners argued Mrs. Sanchez should not testify because it could aggravate a mental

---

[1]   *Sanchez v. Dep't of Health & Hum. Servs.*, 34 F.4th 1350 (Fed. Cir. 2022).

health condition, the Special Master invited Petitioners to file a motion to excuse her from having to provide live testimony and a certified list of treatment records. Appx267, 277.

In response, petitioners so moved and submitted a letter from Mrs. Sanchez's therapist while also seeking a protective order from having to produce Mrs. Sanchez's treatment records because, they asserted, the records were protected by the therapist-patient privilege. Appx285. On October 28, 2024, the Special Master denied petitioners' request to excuse them from having to turn over the treatment records, agreeing with the government that Mrs. Sanchez had waived any privilege over the treatment records by placing her mental health at issue. Appx5–7.

The Special Master ordered petitioners to file Mrs. Sanchez's records by November 26, 2024. Appx7. On December 17, 2024, the Special Master denied a request for an additional extension to comply with the order, noted "[t]he time for filing these records has expired," and set the remainder of the briefing schedule for the motion to excuse Mrs. Sanchez from testifying, which also remains pending. Appx298.[2] Petitioners now challenge the October 28th order.

## II.

In general, a party may appeal to this court in a Vaccine Act case only once there is a judgment of the Court of Federal Claims ending the trial court litigation. 42 U.S.C. § 300aa-12(f). There is no judgment here that ended the litigation. *See Amgen Inc. v. Amneal Pharms. LLC*, 945 F.3d 1368, 1374 (Fed. Cir. 2020). Petitioners nevertheless argue that we have jurisdiction to hear their interlocutory

---

[2] Petitioners sought relief with the Chief Judge of the Court of Federal Claims, which was denied.

appeal under the collateral order and/or *Perlman* doctrines.

The collateral order doctrine is a limited exception to the final-judgment rule that allows for an appeal from a non-final order if it: (1) conclusively determines the disputed question; (2) resolves an important issue separate from the merits of the action; and (3) is effectively unreviewable on appeal from a final judgment. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 105 (2009). In at least two ways, this case does not come within that exception.

First, the trial court has not resolved whether Mrs. Sanchez must testify, compelled her to turn over any treatment records, sanctioned her, or imposed an adverse inference. In fact, the Special Master's most recent order indicates that he intends to now resolve petitioners' request without the treatment records. Thus, there has been no conclusive determination of the disputed issue.

Second, petitioners have failed to show that any issue here cannot be effectively reviewed after the trial court enters judgment. The Supreme Court in *Mohawk* held that post-judgment appeals are generally sufficient to remedy improper disclosure of privileged materials. 558 U.S. at 109. And other courts have understood *Mohawk* as barring collateral order review of rulings rejecting therapist-patient privilege assertions. *See, e.g., Rosner v. United States*, 958 F.3d 163, 166 (2d Cir. 2020). We see no reason to deviate from that approach here.

Petitioners also invoke the *Perlman* doctrine, which provides that "a discovery order directed at a disinterested third party is treated as an immediately appealable final order because the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance." *Waymo LLC v. Uber Techs., Inc.*, 870 F.3d 1350, 1366 (Fed. Cir. 2017) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 18 n.11 (1992)).

Here, petitioners do not argue that Mrs. Sanchez is a disinterested third party. Instead, they contend that "Mrs. Sanchez's therapist, Mr. Britt, is a 'disinterested third party.'" Pet. at 12. But the Special Master's order is not directed at Mr. Britt. It instead asks Mrs. Sanchez to turn over her records and, as to Mr. Britt, merely observes that "Mr. Britt may not decline to produce documents due to Ms. Sanchez's objection." Appx7. Under such circumstances, we cannot say that petitioners have shown they may immediately appeal the Special Master's order.

In the event they cannot appeal, petitioners ask this court to issue a writ of mandamus ordering the Special Master to vacate or reverse the order. *See* 28 U.S.C. § 1651(a); § 300aa-12(f). But mandamus is available only in extraordinary situations where petitioners have no other adequate means of obtaining the relief desired, the right to issuance of the writ is clear and indisputable, and the court, in its discretion, finds that a writ would be appropriate under the circumstances. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004).

Petitioners have not demonstrated how the Special Master erred or exceeded his authority in asking for records to assess petitioners' request to excuse Mrs. Sanchez from testifying. The Special Master concluded that any privilege over the documents was waived when Mrs. Sanchez introduced the issue of her mental health as the reason for excusing her from live testimony. That conclusion has not been shown to be clearly and indisputably incorrect.[3]

---

[3] As the Special Master noted, numerous courts have held that the privilege may be waived by placing the condition at issue in the litigation. *See e.g., Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000); *Maynard v. City*

Two final points: First, petitioners ask that this case be reassigned, arguing the Special Master is biased. But they cite only judicial rulings, which, even when adverse, "almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Here, they do not. Second, it has been two years since this court's mandate issued. We fully expect the parties and the Special Master to work expeditiously to bring the case to a close.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

March 3, 2025
     Date

Jarrett B. Perlow
Clerk of Court

---

*of San Jose*, 37 F.3d 1396, 1402 (9th Cir. 1994); *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006); *Fisher v. Sw. Bell Tel. Co.*, 361 F. App'x 974, 978 (10th Cir. 2010). Petitioners have not clearly established a right to a different conclusion here just because the waiver relates to Mrs. Sanchez as a potential witness or the fact that this case was brought on behalf of her son.